THOMAS v. STATE.

BURREL v. STATE.

Opinion delivered July 2, 1904.

1. WITNESS—CONTRADICTORY STATEMENT.—While a party who produces a witness may contradict him by showing that he formerly made a statement different from his present testimony (Sand. & H. Dig., § 2958), such statement is not admissible for any other purpose, and the jury should be so admonished. (Page 584.)

2. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—Where the attorney general confesses that the evidence was insufficient to support a conviction, and the court has doubts about its sufficiency, a new trial will be granted. (Page 585.)

Appeals from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

D. L. King, for appellants.

G. W. Murphy, Attorney General, for appellee.

RIDDICK, J. Wyatt Thomas and Robert Burrel were jointly indicted by the grand jury of Lafayette county for the crime of burglary. The indictment alleged, in substance, that in January, 1902, defendants had in said county broke and entered in the night-time a certain house used and occupied by the Kress City Lumber Company as a feed house, with intent to commit grand larceny therein. The defendants were tried separately. The evidence tended to show that about the time charged the house in which the company had stored feed for the oxen and mules it owned was broken and entered by someone at night, and a number of sacks containing corn chops were taken and carried away. The tracks of the wheels of the wagon in which the chops were probably carried away were followed, and led near the houses of these defendants, and the trial resulted in their conviction.

The case was submitted on the brief of the attorney general for the state, and, after considering the matter, we felt some doubt about the justice of the conviction, for the reason that much of the evidence was hearsay and incompetent. For instance, one of the main witnesses to the fact that a burglary was committed was J. M. Wilson, an employee of the Kress City Lumber Company. He testified that the company kept its feed in a house in the woods about four or five miles from that mill, to which place the men who worked in the woods returned at night; that on the morning after the burglary the men left the mill, and, on arriving at the feed house, they found that it had been broken open, and that "the man who did the feeding was present, and he stated it looked like a whole lot of chops had been taken out." Now, it is plain that this was all hearsay on the

part of Wilson, for he is telling, not what he himself knew about the house being broken and the feed taken, but what the man said about it. The man who did the feeding, and who made these statements to Wilson, should have been put on the stand, so that the fact of the chops having been taken from the house could have been proved by a witness who had direct knowledge of that fact.

Again, in order to connect defendants with the crime, the state put Reuben Thomas, the father of defendant, Wyatt Thomas, on the stand, and undertook to show by him that these two defendants had, on the afternoon before the burglary was committed, borrowed a wagon from him, and that the wagon was not returned until the next day, but he denied that they had borrowed any wagon from him, and stated that if defendants had a wagon on that night he knew nothing about it. The court then permitted the state to prove that shortly after the burglary was committed the witness Reuben Thomas had stated that on the afternoon before the burglary the defendants obtained a wagon from him and did not return with it until shortly before daylight of the next morning, Though this evidence may have been competent for the purpose of contradicting the witness Reuben Thomas (Sand. & H. Dig. § 2958), it could be used for that purpose only, and the jury should have been cautioned that it could not be considered as evidence against the defendants to show that they had taken the wagon, but no such admonition was given to the jury, and, for aught we know, they may have taken this statement of a third party as substantive evidence tending to establish a material fact against the defendants. It was certainly misleading to allow this statement of witness Reuben Thomas to be proved without any explanation to the jury of the purpose thereof.

But we have said sufficient to illustrate the rather loose method in which this case was tried, but it is due to the presiding judge to say that no objection whatever was made to the introduction of any of this evidence. Counsel for the defendant seems to have allowed the state to prove anything, whether hearsay or not, without making any objection, or calling upon the judge for a ruling thereon. That being so, we cannot say that the circuit judge committed any error, for he was not asked to

rule on these matters, and the only question before us is whether there was enough evidence to sustain the verdict. After considering the case, we came to the conclusion that there was enough evidence to sustain the verdict, and, though, owing to the way in which the case was tried, we felt doubt about it, we affirmed the judgment.

Since the motion to rehear was filed, the attorney general has changed his opinion, and feels that the evidence was hardly sufficient to convict, and he has in open court stated that he believes that in the interest of justice a new trial should be granted.

While the record shows that the unsatisfactory way in which this case was tried was largely due to the conduct of the attorney for defendant in failing to make any objection to evidence introduced, still, as the attorney for the state is now of opinion that the evidence was insufficient to convict, and as we have doubts about it, we have concluded that in the interest of justice a new trial should be granted. The judgment is reversed, and the cause remanded for a new trial.