Roy v. State.

Opinion delivered March 4, 1912.

TRIAL—REFUSAL TO INSTRUCT—NECESSITY OF REQUEST.—Although it is the duty of the court, when requested to instruct the jury to consider impeaching testimony only for the purpose of impeachment, the court's

failure so to instruct the jury will not. be error where no request for
such an instruction was made.

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge;
affirmed.

*H. F. Roleson,* for appellant.

In the absence of a statute authorizing it, a party is not
allowed to contradict his own witness; and even where there
is a statute such as ours authorizing it, it is only permissible to
do so where the witness has testified to some substantive fact
prejudicial to the party calling him. Jones on Evidence,
§ 855; 40 N. W. 70; 93 Ind. 133; 78 S. W. 519; 29 S. W. 471;
20 S. W. 549; 37 S. W. 761, 763; 10 Enc. Pl. & Pr. 320; 72
Ark. 582.

*Hal L. Norwood,* Attorney. General, and *William H.
Rector,* Assistant, for appellee.

It was permissible under the statute for the State to con-
tradict its witness. Kirby's Digest, § 3137; 42 Ark. 542.
While it is true that such contradicting testimony could be
considered only for that purpose, and not as evidence against the
defendant, yet appellant can not complain that the court failed
to so caution the jury, without having requested the court
to do so. 65 Ark. 371; 53 Ark. 381.

McCulloch, C. J. Defendant, Eli Roy, was indicted
by the grand jury of Lee County for the crime of grand larceny,
and was convicted. The accusation is that he stole a cow, the
property of one Mary Overton. The stolen animal was iden-
tified by the ear-marks, general appearance, and color,.and the
evidence tended to show that defendant, after stealing the cow,
drove her to Marianna and sold her to a butcher. The defend-
ant lived about two miles distant from Mary Overton, and the
evidence establishes the fact that he knew that the cow belonged
to her. The cow was running out, but was accustomed to
coming home about every two weeks to be salted. Witnesses
testified that they saw defendant driving the cow to Marianna,
and the butcher testified that defendant sold her to him.

We are of the opinion that the evidence was sufficient
to warrant the belief that the cow which defendant sold to the
butcher was the property of Mary Overton, and that it was

stolen by defendant.  The evidence was sufficient, therefore, to sustain the verdict.

The State introduced as a witness one Lonnie Burnsides, and undertook to prove by him that, on or about September 16, the day which the evidence shows defendant sold the cow to the butcher in Marianna, he (witness) passed defendant's house late one evening and saw this cow in defendant's lot. The witness stated that he didn't see the cow in the lot, but saw her on the outside and near the side of the road with a drove of cattle.  Witness then proceeded to testify that he had frequently seen this cow since then, even as late as about three weeks before the trial, and that he notified Mary Overton's son of the fact that he had seen the cow.  He further testified that Mary Overton's son was with him on one occasion, and saw the cow, which was long after defendant is alleged to have stolen her and sold her to the butcher.

The prosecuting attorney then asked this witness, for the purpose of impeaching him, if he had not stated, at a certain place and on a certain occasion, in the presence of witnesses that he saw the cow in defendant's lot, and the witness denied that he had made any such statement.  Later the prosecuting attorney was permitted to prove, over defendant's objection, that the witness, Lonnie Burnsides, had made the statement, on the occasion named, about seeing the cow in defendant's lot.

Our statute provides that the party producing a witness "may contradict him with other evidence, and by showing that he has made statements different from his present testimony." Kirby's Digest, § 3137.

Counsel for defendant invokes the rule, which seems to be sustained by authority, that it is error to permit a party to thus impeach his own witness except where the witness testifies to some matter prejudicial to the party introducing him. Conceding that this is the correct rule, it has no application to the present case for the reason that the testimony of the witness, Burnsides, was highly damaging to the State's case.  The testimony, if true, established the fact that he had seen the cow long after the time when, according to the State's contention tion, she had been stolen by defendant, sold to the butcher and killed.  In fact, the testimony of that witness, if true, established the fact that the cow was alive, in the range, after the

defendant was indicted by the grand jury. The State therefore had the right to break down the testimony of the witness by introducing contradictory statements concerning a material fact.

It is also insisted that, as the proof of the contradictory statements was only for the purpose of impeaching the witness, it was error for the court to admit the testimony without cautioning the jury to consider it for no other purpose. It is true that when such testimony as that which was introduced is competent for one purpose, it is the duty of the court, when requested, to explain to the·jury the purpose for which it is admitted and to admonish the jury not to consider it for any other purpose. The party objecting can not, however, complain or object unless he has requested the court to give such admonition. Where the testimony is competent for one purpose, if the other party conceives that it is likely to be considered by the jury for another purpose, and thus become prejudicial to his rights, it is his duty to call the matter to the attention of the court and ask an instruction limiting its consideration. We have held to this rule in a good many cases. Counsel rely upon language used by Judge Riddick in his opinion in *Thomas* v. *State*, 72 Ark. 582; but when the whole opinion is considered, it is evident that Judge Riddick was not attempting to lay down any rule contrary to our present views. That case was reversed on account of the insufficiency of the evidence, and he was merely stating what appeared to be reasons for the unsupported verdict, and, among other things, said the jury were probably misled by impeaching testimony. However, we are convinced that it would be laying down an incorrect rule to say that a party would be entitled to a reversal on account of the court's failing to do something which he did not request the court to do.

This is the only error complained of, and we are of the opinion that no grounds exist for the reversal of this case. The judgment is therefore affirmed.