BURGESS *v.* STATE.

Opinion delivered June 17, 1929.

*J. B. Harris,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

KIRBY, J. Appellant prosecutes this appeal from a judgment of conviction in the Madison Circuit Court for the crime of selling whiskey, and insists that the evidence is not sufficient to sustain the verdict of the jury, and that the venue of the offense was not proved.

George Coger and Chester Ogden, young men, one living near and the other in the town of Huntsville, testified for the State. They wanted some whiskey for Christmas, and, upon inquiry of some of the boys they knew, Chester was told that Abe Burgess could probably tell them where they could get some liquor. This boy did not know Burgess, and his informant pointed him out on the street, and he drove his car over and inquired of him if he knew where he could get some whiskey. He was told that he knew of two places where it was said they were selling whiskey, one over in Carroll County, on the road to Eureka Springs, and the other at Broad Ford, up on War Eagle. He said to Burgess, "Let's go up there on War Eagle and get some whiskey." Burgess agreed, and they got into the car to go for the liquor, and picked up Coger. Burgess told them that he heard Mel Davis was selling liquor at Broad Ford, near the spring. They drove out to the rock fence, and stopped the car, honked the horn, and got out and crossed over the fence, and went around a pile of rocks, and found two quart fruit jars with liquor in them, setting over against the rocks. Each of the boys laid down $1.25 on the ground and took one of the quarts and emptied it into two pint bottles they had brought along. Burgess put down $2.50, and took the other quart. They had a drink or two, and went on back to the car. Each of them said Burgess was a little behind them in returning to the car, one saying that he was taking a drink when he looked back, and Burgess testified that he came along only a few steps in the rear in getting into the car. Neither of the boys saw any one at the place, nor did they see any one take the money that was left on the ground. Burgess said he saw Mel Davis' hat over the top of the rocks, and upon going around

the rock-pile they found the two quarts of whiskey which they got. Burgess stated that the boy in town, of whom he had made inquiry, giving his name, told him where to find the whiskey between the rocks, and also the price for which it was sold by Davis. The price, however, appeared to be well known to them all, one of the boys testifying that it was the standard price for liquor. Neither of the boys testified that he bought any whiskey from Burgess, or that he sold them any. Burgess denied having made any sale of whiskey to the boys; stated that he had no interest whatever in the whiskey; that he made no sale of it, and did not receive any of the money, but only purchased the liquor for himself, as did the other boys; that he lived at Seminole, but was raised in Madison County, and was in the timber and stave business, and that he had made the inquiry about the whiskey, desiring to purchase some for himself for Christmas. Each of the boys gave the name of the person inquired of about where the whiskey might be procured.

There is no evidence that any money was paid to or received by Burgess for the whiskey, nor that he had any interest in the whiskey or sale of it, except as the inference may arise from the facts stated.

The reasonable conclusions that could be drawn from the circumstances surrounding and attending the transaction are not necessarily inconsistent with nor contradictory of the testimony conducing to show the innocence of appellant, and we do not regard the evidence sufficient to show that he was the owner of the whiskey or interested in and made the sale of it. It is not necessary to determine whether the evidence is sufficient, although some of the judges do not regard it so, to establish the venue of the offense, since it will doubtless be disclosed by direct testimony upon a new trial.

For the error designated the judgment is reversed, and the cause remanded for a new trial.