## SHANDS *v.* STATE.

## Opinion delivered May 17, 1915.

1. CARNAL ABUSE—EVIDENCE—CONVICTION.—In prosecutions for the crime of carnal abuse, convictions do not depend solely upon the evidence of the prosecuting witness, and a conviction may be had where the proof is sufficient to establish the guilt of the accused beyond a reasonable doubt, without reference to the testimony of the girl alleged to have been carnally abused.

2. EVIDENCE—CONTRADICTION OF OWN WITNESS.—A party producing a witness, when surprised by adverse testimony, may show, for the purpose of impeachment by contradiction, that the witness has made prior statements inconsistent with the one made on the stand.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal has been prosecuted from a judgment pronounced upon the verdict of a jury finding appellant guilty of the crime of carnal abuse, and fixing his punishment at imprisonment in the penitentiary for the period of one year. Appellant has not favored us with any brief in the case, but we have carefully considered the errors assigned in the motion for a new trial.

The principal question in the case appears to be whether or not the evidence is legally sufficient to sustain the conviction. The girl upon whom the offense was alleged to have been committed was evidently not responsible for nor in sympathy with the prosecution. Indeed, a consideration of her evidence makes it very apparent that she did not desire his conviction. However, upon her direct examination she did testify that appellant had had sexual intercourse with her, and she stated the time and place where the act was said to have occurred; and there was some evidence upon the part of the State which tended to corroborate this statement in regard to the time and place. Upon her cross examination, however, she repudiated this statement and denied that the appellant had ever at any time or place had sexual intercourse with her. She asserted that the prosecuting attorney had told her she would be fined $25 and put in jail if she did not testify against appellant, and she stated that she had testified against him because she was afraid not to do so. She was called upon to state, and did state, the time and place and circumstances under which these representations were made to her by the prosecuting attorney; and evidence was offered by the State in rebuttal, which was sufficient to show that the statement in regard to the intimidation of the witness by the prosecuting attorney was without foundation. Appellant denied that he had ever had sexual intercourse with the girl, and stated that he had never been in company with her on more than three occasions. He admitted, however, that he had had sexual intercourse with the sister of the prosecuting witness, who

was over the age of consent; and there was proof of certain statements made by him which, if true, amounted to an admission that he had had sexual intercourse with both of the sisters. It was further shown that at the preliminary trial appellant admitted that he had been with the prosecuting witness on many occasions, and the officer who arrested him testified that appellant stated, when the arrest was made, that "he was up against it" and said "he might as well go ahead and take his medicine." The prosecuting witness admitted, upon her cross-examination, that she had been talked with about her evidence and advised what to say, but she refused to state who had advised her what to testify.

The instructions fairly submitted the case to the jury, and no objections were made to any of them; but the motion for a new trial assigns error in the admission of certain evidence, and the action of the court in this respect appears to be the only question in the case in addition to that of the sufficiency of the evidence.

The evidence complained of consists in the testimony of Robert Edwards, the deputy sheriff to whom the defendant stated that "he was up against it and might as well go ahead and take his medicine." But it is not shown in what respect this evidence was incompetent. There is no intimation that the statement was not freely and voluntarily made, and its relevancy is, of course, apparent.

Error was also assigned in admitting the testimony of V. H. Robinson, which was to the effect that appellant had stated to him that he was going to the Exposition at San Francisco and would take a couple of women with him. Appellant's reference to and description of the women indicated that the prosecuting witness and her sister were the women referred to. We see no error in the admission of this evidence, as it tends to show the relationship between appellant and the prosecuting witness, especially in view of the fact that it was further shown that the sister of the prosecuting witness was a married woman, who had separated from her husband,

but was not divorced from him, and who was shown by the proof to be a woman of questionable character.

Error was also assigned in the admission of a letter written to one Walter Shands by the prosecutrix, and also in the admission of an affidavit made by her before a notary public upon which the examining trial was instituted in the justice court. The affidavit was to the effect that appellant had had sexual intercourse with the prosecuting witness, and the letter explained that the prosecuting witness was not responsible for the prosecution. She mentions the possibility that appellant might be sentenced to the penitentiary for a period of twenty-one years, and suggests that he might escape with a shorter term by not resisting the prosecution. The letter manifests the writer's lack of sympathy with the prosecution, but the inference to be drawn from it is unmistakable. This letter was intercepted by the mother of the girl before it was mailed to appellant, but its authorship is not denied. It does not appear what the relationship was between Walter Shands and appellant. A physician testified that at about the time of the institution of the prosecution in this case he made an examination of the prosecuting witness at the request of her mother, and found that the hymen had been ruptured and the bruised condition of the parts indicated recent sexual intercourse. The mother of the prosecuting witness testified that the girl was fourteen years of age.

No brief for appellant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The evidence is sufficient. We find no error in the admission of testimony. The instructions submitted the case fairly to the jury.

SMITH, J., (after stating the facts). Convictions in cases of this kind do not depend solely upon the evidence of the prosecuting witness, and a conviction may be had where the proof is sufficient to establish the guilt of the accused, beyond a reasonable doubt, without reference to the testimony of the girl alleged to have been car-

nally abused. Such cases are, of course, unusual, but the beneficent purpose of the law to protect the virtue of girls, who have not reached the age of discretion, might in many cases be defeated if the law were otherwise. In this case, however, we should hold the proof insufficient if the proof of appellant's guilt depended upon the evidence of the girl alone, because her last statement was an emphatic denial that appellant had ever had sexual intercourse with her, and the conviction would not have been proper in the face of such testimony if there had been no other evidence of appellant's guilt. Moore on Facts, section 1271; *Crowe* v. *House of the Good Shepherd,* 56 N. Y. Sup. 223. But, as has been shown, there was other evidence which we think was legally sufficient to sustain the verdict of the jury. The crime of carnal abuse had been committed upon the person of the girl, and appellant's statements tended to show that he was guilty of this crime. The affidavit and the letter set out in the statement of facts were not competent as affirmative matter tending to show the guilt of the accused, but they became competent for the purpose of contradicting and impeaching the prosecuting witness when she testified that appellant had never at any time had intercourse with her. But for this denial they would not have been competent. But the denial made them admissible, as the party producing a witness, when surprised by adverse testimony, may show, for the purpose of impeachment by contradiction, that the witness has made prior statements inconsistent with the one made on the stand. See 3137, Kirby's Digest; *Williams* v. *Cantrell,* 170 S. W. 250, 114 Ark. 542.

There were other errors assigned in the motion for a new trial, but we do not regard them as of sufficient importance to require a discussion, and finding no error in the record the judgment of the court below is affirmed.