MURRAY *v*. STATE.

Opinion delivered January 16, 1922.

1. CONTINUANCE—ABSENCE OF WITNESSES—DISCRETION OF COURT.—In a criminal prosecution, it was not an abuse of discretion to refuse a continuance to secure the attendance of witnesses where the court was justified in concluding that they were evading service of process, and that there was no certainty of their attendance being secured at a future date.

3. SEDUCTION—EVIDENCE OF PRIOR UNCHASTITY.—An instruction that, though the defendant may have had intercourse with the prosecutrix prior to the promise of marriage, yet, if such inter-

course was had by force and against her consent, he could not avail himself of such acts of intercourse as establishing her unchastity, *held* proper.

4. WITNESSES—LEADING QUESTIONS.—It was not an abuse of discretion to permit the State to ask the prosecutrix in a seduction cases a leading question where she was young and ignorant.

5. WITNESSES—IMPEACHMENT—PRIOR CONTRADICTORY STATEMENTS.— In a prosecution for seduction where defendant called a witness whom he expected to testify that he had had sexual intercourse with the prosecutrix, but he denied having had such intercourse, but admitted having stated elsewhere that he had done so, it was not admissible to prove other contradictory statements previously made by such witness.

Appeal from Howard Circuit Court; *Percy Steel,* special judge; affirmed.

*Abe Collins* and *Epperson & Jackson* for appellant.

The court abused its discretion in denying the motion for continuance. 130 Ark. 245; 85 *Id.* 334; 99 *Id.* 394; 100 *Id.* 132; 67 *Id.* 290.

The evidence does not support the verdict. A conditional promise of marriage is not sufficient upon which to predicate the charge of seduction. 130 Ark. 520. The prosecutrix fixes no time, nor states the nature of any promise of marriage except the first. If she did not consent, the act according to her testimony was rape; if she did consent as the defendant claims, then it was before the promise of marriage. She was not of previous chaste character, if the intercourse occurred with her consent before the promise of marriage. 30 L. R. A. (N. S.) 173 and note.

The prosecuting witness in a prosecution for seduction cannot properly be asked if she would have consented to the intercourse in the absence of a promise of marriage. 23 L. R. A. 391, note.

It was erroneous to limit the testimony contradicting the testimony of Lee Shofner as tending to impeach his testimony and as affirmative evidence touching chastity or unchastity of the prosecuting witness. C. & M. Digest, § 3137; 114 Ark. 542; 118 *Id.* 460; 137 *Id.*

197; 53 N. Y. 230; 32 Ind. 478; 15 Q. B. 878; Thompson's Enc. of Evidence, vol. 2, p. 530-531 and foot-notes.

*J. S. Utley*, Attorney General, *Elbert Godwin* and *W. T. Hammock*, Assistants, for appellee.

1. The court was, under the showing made, justified in overruling the motion for continuance. *Coppersmith* v. *State*, 149 Ark. 597; 74 Ark. 450, 451. Moreover, it is not probable that the absent witnesses, if present, would have testified as alleged in the motion, and thereby subject themselves to prosecution for a felony. 5 Standard Enc. of Procedure, 463; 25 Fed. Cas. 38; 78 Ark. 262; *Morris* v. *State*, 150 Ark. 1.

2. The evidence sustains the verdict. Defendant's own admission sufficiently corroborates the prosecuting witness as to the fact of sexual intercourse and there was sufficient corroboration of her testimony as to the promise of marriage, by the testimony of her cousin, and of her half-sister and her mother. C. & M. Dig., § 2414; 77 Ark. 16; *Id*. 468; 86 *Id*. 30; 126 *Id*. 189; 130 *Id*. 149; 137 *Id*. 92; 92 *Id*. 421.

3. The trial court's discretion with reference to permitting the leading questions will not be disturbed unless there has been a manifest abuse. 8 Enc. of Evidence, 161.

4. The testimony of witness Shofner, even if a surprise to appellant's counsel, was not prejudicial to appellant. Under the circumstances, evidence of variant statements by this witness was not admissible for any purpose, and particularly not as affirmative evidence of unchastity on the part of the prosecutrix. 80 Ky. 507; 7 Ency. of Ev. 31; 123 Calif. 374, 55 Pac. 1059; 124 Ind. 101, 24 N. E. 577; 93 Ind. 128.

SMITH, J. Appellant was charged with and convicted of having seduced Pearl Henderson, and has appealed.

The first error assigned for the reversal of the judgment is that the court erred in refusing to grant a continuance of the cause until the following term of the

court on account of the absence of six men, named in the motion for a continuance, all of whom were residents of Howard County, where the trial was pending, and whose attendance appellant had been unable to procure, although subpoenas had been duly issued for them. The indictment was returned August 25, 1921, and appellant was placed on trial September 3, 1921.

It was recited in the motion for continuance that Artie Powell, one of the absent witnesses, if present, would testify that he had frequently had sexual intercourse with Miss Henderson during the period of two years preceding the indictment, and that, after Miss Henderson became pregnant with the child she now claims appellant is the father of, she wrote a letter to Powell in which she threatened to prosecute Powell for seduction if he did not marry her. It was further alleged that the other five men named in the motion had had sexual intercourse with Miss Henderson within the two years immediately preceding the alleged seduction, and would so testify if present, but the sheriff had been unable to serve the subpoenas on any of the men named in the motion because of their temporary absence from the county.

The motion did not disclose the present whereabouts of these witnesses, and no showing was made, except the opinion of the appellant, expressed in the motion, that they would return, and that service of subpoena could be had before the next term of the court.

We think no abuse of discretion was shown in refusing the continuance until the next term of the court. As was said in the recent case of *Coppersmith* v. *State,* 149 Ark. 597, the fact that the six witnesses had suddenly departed from their usual haunts, and could not be located, justified the court in concluding that the witnesses were evading service of process, and that there was no certainty of procuring their attendance at a future date, especially in view of the fact that, if they had given the testimony stated in the motion, the wit-

nesses would thereby have admitted their guilt of the crime of carnal abuse, as Miss Henderson was only seventeen years old at the time of the trial.

The chief insistence for the reversal of the judgment is that the evidence is not sufficient to sustain the verdict. The appellant admits having had sexual intercourse with Miss Henderson, and at least two witnesses fully corroborated her as to the promise of marriage; but appellant denies having made this promise and insists that the testimony of Miss Henderson, herself, shows that the intercourse was not obtained by virtue of a promise of marriage.

Miss Henderson testified that the first act of intercourse was had forcibly and against her will, and only after appellant had threatened to beat her over the head with a pine knot and have intercourse with her whether she consented or not. This act of intercourse was had in an automobile by the side of a country road. Miss Henderson testified that she cried and declared her purpose, on their way home, of telling what appellant had done, and that he then promised her, if she would not tell, that he would marry her.

If this were the only act of intercourse shown to have occurred, we would be compelled to say, as a matter of law, that the crime committed may have been rape, but was not seduction, as Miss Henderson did not yield because of the promise of marriage, but on account of the threats made and the force employed. She further testified, however, that she decided it would be better to be married than to tell what had happened; that appellant continued to visit her, frequently renewed his promise of marriage, and because of these promises she yielded to him on more than one occasion thereafter.

The court charged the jury, over the objection of appellant, that, although appellant may have had intercourse with Miss Henderson prior to the promise of marriage, yet, if the intercourse was procured by force or intimidation, and against her consent, she did

not thereby surrender her chastity; and that if the appellant later had intercourse with Miss Henderson by virtue of a false express promise of marriage, appellant would be guilty of seduction. The court further charged the jury that unchastity of a woman is the voluntary submission of her person to a man, and that if, prior to the alleged promise of marriage, if there was one, appellant had, by means of threats or violence, obtained carnal knowledge of Miss Henderson, he could not avail himself of such acts of intercourse in establishing the unchastity of Miss Henderson.

Under the testimony in the case these instructions presented the real issues to the jury, and they correctly declared the law. 24 R. C. L. p. 768, title, Seduction, sec. 46; *Rex* v. *Moore,* 19 A. & E. Ann. Cases 442, note at page 447.

Over appellant's objection, Miss Henderson was permitted to answer the question: "State whether or not you would have permitted him to have intercourse with you had it not been for that promise?" which question was objected to as leading, and it is now further objected that the question was speculative and permitted the witness to say whether she yielded up her virtue as a sole result of the prior false express promise of marriage, when this was solely a question for the jury.

The question was open to the objection made to it that it was leading; but the witness was young and had been subjected to a long and searching cross-examination, a reading of which indicates that she was probably both timid and ignorant; and on ruling on the objection the court said: "It is a little leading, but it does seem you can't get the information without a little leading." Under the circumstances we do not feel that the action of the court in permitting the question to be asked was such an abuse of the court's discretion as to require the reversal of the judgment.

Lee Shofner was called as a witness for appellant, and was asked if he had had sexual intercourse with

Miss Henderson; and he denied that he had had. He was then asked if he had not told appellant, appellant's father and his attorney that he had had carnal knowledge of Miss Henderson on several occasions; and he answered that he had made those statements, but that he was "talking then and swearing now." Counsel for appellant asked to be allowed to introduce witnesses to prove statements made to them by Shofner in regard to having had sexual intercourse with Miss Henderson; and the court offered to permit this to be done for the purpose only of contradicting the witness, and not as affirmative testimony.

The only error commited in this ruling was in offering to permit proof of prior contradictory statements made by Shofner. He admitted having made the statements; and the impeaching witnesses could have shown nothing more. Shofner gave no affirmative testimony against appellant; he merely failed to give favorable testimony; and section 4186, C. & M. Digest, cited and relied upon by appellant to sustain his contention, that this testimony was admissible, does not apply. This section was construed in the case of *Doran* v. *State,* 141 Ark. 442, where we quoted with approval the construction given it by the Court of Appeals of Kentucky, from which State we adopted it. We there said: "The above" (section 3137 Kirby's Digest, brought forward into Crawford & Moses' Digest as section 4186) "is one of the provisions of our civil code taken *verbatim* from the civil code of practice of Kentucky. In *Champ* v. *Commonwealth,* 2 Metc. (Ky.) 17-24, the Court of Appeals of Kentucky construing this provision said: 'The obvious meaning of the rule is, that where a witness states a fact prejudicial to the party calling him, the latter may be allowed to show that such fact does not exist, by proving that the witness had made statements to others inconsistent with his present testimony. But a case like the present, where the witness does not state any fact prejudicial to the party calling him, but only fails to prove facts

supposed to be beneficial to the party, is not within the reason or policy of the rule, and the witness cannot be contradicted in such case by evidence that he had previously stated the same facts to others. Such a practice would be a perversion and abuse of a rule which was intended to protect a litigant against the fraud or treachery of a witness whom he may have been induced to confide in, and would lead to consequences more injurious than the evils the rule was intended to remedy'."

Other assignments of error relate to the action of the court in giving and refusing instructions; but the questions raised have all been settled adversely to appellant's contention in former decisions of this court, and we do not repeat here these previous discussions on the questions raised.

Judgment affirmed.