MILUM *v.* CLARK.

5-879                                    287 S. W. 2d 460

Opinion delivered February 27, 1956.

*N. J. Henley* and *J. Loyd Shouse,* for appellant.

*Fitton & Adams,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellees, Arlis and Lela Clark, for damages resulting from a head-on collision between their car and a truck being driven by A. B. Poynor. Mr. and Mrs. Clark were injured in the accident; their infant son was killed. The action was brought against Poynor and also against the appellant, R. W. Milum, it being alleged that the collision was partly caused by Milum's negligence in allowing a cow to run at large on the highway. The jury returned a $4,500 verdict for Clark against Poynor, a $4,000 verdict for Mrs. Clark against Milum, and a $500 verdict for Clark as administrator against Milum. Milum alone has appealed.

The plaintiffs' proof shows that on the evening of February 2, 1954, the Clark and Poynor vehicles were traveling toward each other on a stretch of highway that runs through a farm owned by Milum. When the vehicles were a short distance apart Poynor swerved to his left to avoid a cow in the road, but in doing so he entered the path of the Clark car and collided with it. The plaintiffs introduced evidence to show that cattle of unknown ownership had frequently been seen on the highway in this vicinity and that the cow which caused the accident was owned by Milum.

The weak point in the plaintiffs' case lay in their proof that Milum had been negligent. There was very little evidence to show that Milum's cattle had ever been

permitted to range along the highway or that he had been careless in allowing the animal in question to escape from its fenced pasture. In attempting to prove negligence on Milum's part the plaintiffs called Doyle Eoff as a witness. Eoff testified that he reached the scene soon after the collision, but the only cow he saw was a roan animal a quarter of a mile or more off the road. He said he did not know who owned the cow he saw. Asserting surprise, plaintiffs' counsel asked Eoff if he had not previously told certain persons that he had seen a roan cow at the scene of the accident, that the cow belonged to Milum, and that it had been running the highway all summer and fall. Eoff denied having made those statements. The plaintiffs were then permitted to prove by the persons named that Eoff had made the statements mentioned. The court instructed the jury that the testimony could be considered only as affecting the credibility of Eoff and not as establishing any material fact in the case.

The admission of this testimony was error, and, since it was the principal proof having a tendency to indicate negligence on Milum's part, the error was prejudicial. There is, of course, no doubt that in a proper situation a party may contradict his own witness by showing that he has made statements contrary to his present testimony. The Civil Code so provides, and the rule has been followed in many cases, both civil and criminal. Ark. Stats. 1947, § 28-706; *Ward* v. *Young,* 42 Ark. 542; *Shands* v. *State,* 118 Ark. 460, 177 S. W. 18; *Graves* v. *Gardner,* 137 Ark. 197, 208 S. W. 785.

For such evidence to be admissible, however, the witness to be impeached must have given substantive testimony damaging to the party who seeks to attack his credibility. It is settled that inconsistent prior statements cannot be used to impeach a witness who merely fails to give the positive testimony that the party expected from him. *Doran* v. *State,* 141 Ark. 442, 217 S. W. 485; *Murray* v. *State,* 151 Ark. 331, 236 S. W. 617; *Williams* v. *State,* 184 Ark. 622, 43 S. W. 2d 731. The reason is that the prior statements are not competent evidence of the basic

fact, being hearsay, and are admissible only as bearing on the issue of credibility. *Comer* v. *State,* 222 Ark. 156, 257 S. W. 2d 564. But if the witness has testified to nothing his credibility is immaterial. Here, for example, the plaintiffs called Eoff to prove that Milum's cow had roamed the highway for several months. Eoff neither affirmed nor denied that fact. His earlier assertions were not competent to prove that the cow had actually been at large. And since Eoff's credibility was unimportant the testimony could serve no legitimate end and yet would involve the danger that the jury might treat it as substantive evidence, despite the court's cautionary instruction. Wigmore on Evidence, § 1043. It should therefore have been excluded.

It is argued by the appellee that Eoff's credibility was really in issue, for the reason that certain statements made by him on cross-examination were detrimental to the plaintiffs. This argument is unsound. It is true that Eoff testified that Milum's fences were good and that he had never seen Milum's cows along the highway. As to the fences, however, every witness who described these fences said in effect that they were excellent. An attack upon Eoff's veracity would not have justified the jury in disregarding the undisputed proof that the fencing was good. As to the other point, there is virtually a total want of proof that Milum's cattle had been permitted to run at large. Again an attack upon Eoff's veracity would not have supplied substantial evidence to support the verdict. It is evident that the exclusionary rule would be nullified if the prior statements could be introduced under the guise of testing the witness's credibility upon a point having no significance in the case.

The appellant insists that the verdicts are so contradictory as to require judgment in Milum's favor. We do not agree. The finding that Milum is liable for Mrs. Clark's injuries and for the infant's death is not necessarily inconsistent with the finding that Milum is not liable for Clark's injuries. The jury may have believed that Clark was guilty of contributory negligence not im-

putable to his passengers. And if it be argued that Clark's verdict against Poynor negatives the existence of negligence on Clark's part, the answer is that the appellant is not entitled to complain of such an inconsistency. *Leech* v. *Mo. Pac. R. Co.,* 189 Ark. 161, 71 S. W. 2d 467; *Brown* v. *Parker,* 217 Ark. 700, 233 S. W. 2d 64. It is also argued that the case should be dismissed for want of any substantial evidence of Milum's negligence. We need not analyze the sufficiency of the testimony, for it is evident that the plaintiffs were surprised by Eoff's failure to testify to facts that may be susceptible of proof by other witnesses. In these circumstances we are unwilling to say that the case has been fully developed. *Longer* v. *Carter,* 102 Ark. 72, 143 S. W. 575; *Reynolds Metal Company* v. *Ball,* 217 Ark. 579, 232 S. W. 2d 441.

In this court the appellees have filed a motion to require the appellant to reimburse them for the cost of a supplemental abstract of the record. See Supreme Court Rule 9 (e). This additional abstract consists of (a) testimony describing the injuries sustained by Mrs. Clark, and (b) a detailed account, including extensive quotations from the record, of the proceedings pertinent to Eoff's testimony and its subsequent contradiction.

This motion misconceives the court's purpose in revising Rule 9. Since the new rule has not previously been discussed in an opinion, an explanatory comment may be of assistance to the bar as a whole. In its old form Rule 9 required the appellant to submit a fair abstract of the record, under penalty of dismissal of the appeal if the abstract were found to be insufficient. The penalty was so severe that it caused lawyers to resolve all doubts in favor of making a complete abstract of everything in the record, whether relevant to the issues on appeal or not. The result was that nearly every abstract was unnecessarily long, to the detriment alike of the lawyer who labored to prepare it, of the client who paid for its printing, and of the judges who were required to study much irrelevant matter.

It was to remedy this situation that Rule 9 was revised in 1954. The present rule requires that the abstract consist "of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." The penalty of dismissal for insufficiency of the appellant's abstract has been eliminated, the rule now permitting the appellee at his option to supplement an abstract thought deficient. Compensation for the cost of the supplement may be awarded by the court in its discretion.

It is the purpose of the revised rule to encourage the submission of abstracts that are confined to those matters pertinent to the points involved on appeal. By this test we find no deficiency in this appellant's abstract. Since there is no contention that the verdicts are excessive, the testimony concerning Mrs. Clark's injuries was properly omitted. The original abstract of the Eoff testimony is amply sufficient to present the issue of law involved. The appellees' motion for reimbursement is denied.

Reversed and remanded.