SPEED *v.* MAYS.

5-926                                                                                                   288 S. W. 2d 953

Opinion delivered April 9, 1956.

[Rehearing denied April 30, 1956.]

*Joe Holmes,* for appellant.

*Sid J. Reid,* for appellee.

PAUL WARD, Associate Justice. In the "STATE-MENT OF CASE" at the beginning of appellant's brief is found, in substance, the following: Some time prior to 1943, Middleton Mays died intestate possessed of certain lands in Grant County; The deceased left surviving him six children one of whom is Martha Speed, this appellant; On November 4, 1943, two of said children (Bennie Mays and W. L. Mays) brought a suit against this appellant and the other children (or heirs) of said Middleton Mays asking to have said lands partitioned; All defendants in said suit were properly served except this appellant; Among the papers in said suit is an Entry of Appearance presumably signed by this appellant, but appellant alleges that she did not sign said Entry of Appearance; On June 21, 1944, a partition decree was

entered, and the lands were sold to W. L. Mays for $500; All of the heirs of said Middleton Mays except appellant received their share of the purchase price; The trial court [presumably speaking of the present litigation and not the suit filed in 1943 as above mentioned] sustained the demurrer to the petition of Martha Speed [this appellant] on the ground that the matter had been judicated and for the further reason that 12 years have elapsed and she [appellant] has not been diligent in seeking a remedy, and; Exceptions to the ruling were taken and an appeal was prayed and granted.

Following the above STATEMENT OF CASE the brief sets out two points for reversal and then follows the argument. The only reference made to the record in the entire brief is to "The Entry of Appearance" found on page 15 of the record. Reference to the record shows an Entry of Appearance signed by Martha Speed on November 6, 1943, and filed November 8, 1943. An examination of the record shows that Martha Speed was sworn and testified, and that Gean McDonald, the chancery clerk, was sworn and testified at length.

From the above it clearly appears that appellant has wholly failed to comply with Rule 9(d) which requires appellant to abstract the "material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. The abstract shall contain full references to pages of the record." In this case appellant has abstracted no pleading, no testimony and no decree, and there is nothing in the entire brief upon which the judges of this court could confidently say that the decree of the trial court should be reversed. The several judges of this court are not required to make an individual search of the record, particularly in the absence of proper references thereto, in order to arrive at a decision, and it certainly is not practical to do so.

What we have said above is not to be considered in any way a retraction or modification of Rule 9(e). The

latter rule applies when the appellant has made out a *prima facie* case for a reversal, which was not done here.

Since no error is shown the decree of the trial court must be affirmed.

Affirmed.