ROYSTER *v.* ROYSTER.

5-2251                                                      339 S. W. 2d 607

Opinion delivered November 7, 1960.

ED. F. McFADDIN, Associate Justice. The transcript in this case was filed in this Court on August 4, 1960, and appellant seasonably filed his abstract and brief. Now, in advance of submission of the case on its merits, the appellee has filed a motion asking us to dismiss the appeal because, "The appellant has failed to file an abstract or abridgment of the record in such manner as to give the Court a clear understanding of all the questions presented to the Court for decision."[1] There seems to be some general misunderstanding as to the effect of the present Rule 9 since we frequently have motions like the present one. Therefore, we again explain the rule, just as was done in *Milum* v. *Clark,* 225 Ark. 1040, 287 S. W. 2d 460.

---

[1] After a paragraph in the motion undertaking to demonstrate the deficiency of the abstract filed by the appellant, the appellee concludes: "Appellee submits that under the decisions in the cases of *Speed* v. *Mays,* 226 Ark. 213, *Griffin* v. *Mo. P. Rd. Co.,* 227 Ark. 312, *Smock* v. *Corpier,* 226 Ark. 701, and *Ellington* v. *Remmel,* 226 Ark. 569, this appeal should be dismissed or affirmed. Wherefore, appellee prays that the appeal herein be dismissed or affirmed for noncompliance with Rule 9 of this Court."

For many years prior to January 10, 1954 we had a Rule 9 which we call "the old rule," and which read in part:

"In all civil cases the appellant shall . . . **file** abstract and brief. . . . The abstract or abridgment of the transcript shall set forth the material parts of the pleadings, proceedings, facts, and documents upon which appellant relies, together with other matters from the record as are necessary for an understanding of all questions presented to this Court for decision. . . ."

Likewise, prior to January 10, 1954, we had a Rule 12 which we call "the old rule," and which read in part:

"If the abstract and brief have not been filed by the appellant in accordance with Rules 9 and 10 when the case is called for trial the appellee may have the appeal dismissed or the judgment affirmed as of course."

On January 10, 1954 the foregoing rules were materially and radically changed. We now quote the germane portion of the new Rule 9(d) which reads:

"The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. . . ."

And the present Rule 9(e) reads in part:

"Motions to dismiss the appeal for insufficiency of the appellant's abstract will not be recognized. If the appellee considers the appellant's abstract to be defective he may, at his option, submit with his brief a supplemental abstract. . . ."

In *Milum* v. *Clark*, 225 Ark. 1040, 287 S. W. 2d 460 (decided February 27, 1956), we commented on the effect of the changes in these rules; and of the new rule 9 we said:

"Since the new rule has not previously been discussed in an opinion, an explanatory comment may be of assistance to the bar as a whole. In its old form Rule 9 required the appellant to submit a fair abstract of the record, under penalty of dismissal of the appeal if the abstract were found to be insufficient. The penalty was so severe that it caused lawyers to resolve all doubts in favor of making a complete abstract of everything in the record, whether relevant to the issues on appeal or not. The result was that nearly every abstract was unnecessarily long, to the detriment alike of the lawyer who labored to prepare it, of the client who paid for its printing, and of the judges who were required to study much irrelevant matter.

"It was to remedy this situation that Rule 9 was revised in 1954. The present rule requires that the abstract consist of 'an impartial condensation, without comment or emphasis, of *only* such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision.' The penalty of dismissal for insufficiency of the appellant's abstract has been eliminated, the rule now permitting the appellee at his option to supplement an abstract thought deficient. Compensation for the cost of the supplement may be awarded by the court in its discretion.

"It is the purpose of the revised rule to encourage the submission of abstracts that are confined to those matters pertinent to the points involved in appeal. . . ."

Since the adoption of the new rules,[2] as of January 10, 1954, we have a number of cases in which we have affirmed the Lower Court when the appeal was reached

[2] The procedural rules of this Court, revised to January 10, 1954, may be found on page 961 *et seq.* of Volume 221 of the Arkansas Reports. Subsequent revisions to December 10, 1956 may be found on page 1043 *et seq.* of Volume 226 of the Arkansas Reports. There have been no changes in the rules since December 10, 1956 except in Rule 7 and Rule 11, each of which now requires the filing of seventeen printed copies of the abstract and briefs instead of ten copies, as theretofore. Printed copies of the procedural rules in pamphlet form may be obtained from the Clerk of this Court by any attorney.

in this Court on the merits of the case;[3] but we find no case decided since January 10, 1954 in which we have entertained a motion to dismiss an appeal because of the failure of the appellant to abstract. It is only when the case is reached on the merits that the matter of the abstract arises.

The net result of the present Rule 9 is this: In advance of the hearing on the merits we do not dismiss an appeal for failure of the appellant to comply with Rule 9 as to abstracting. Rather, we permit the case to be submitted in this Court on its merits. If appellee considers appellant's abstract to be deficient, appellee may supply the deficiency in whole or in part, or may leave the deficiency unsupplied. If this Court cannot adequately ascertain the facts in the situation from the appellant's abstract, and if the appellant's abstract has not been supplemented by the appellee to supply the deficiency, then we affirm the case because the appellant has failed to show error to have been committed by the Trial Court. In advance of the submission on the merits we do not consider any motion to dismiss the appeal because of appellant's failure to abstract. Consideration of such a motion would require us to ferret through the transcript, and compare it with the appellant's abstract, in order to reach a conclusion. To avoid such labor—and for other reasons—the present Rules 9(d) and 9(e) were promulgated.

In the present case the motion to dismiss the appeal is denied; and the case remains on the docket for submission on the merits when reached in the regular call.

[3] Here are such cases: *Speed* v. *Mays*, 226 Ark. 213, 288 S. W. 2d 953; *Ellington* v. *Remmel*, 226 Ark. 569, 293 S. W. 2d 452; *Smock* v. *Corpier*, 226 Ark. 701, 292 S. W. 2d 260; *Porter* v. *Time Stores*, 227 Ark. 286, 298 S. W. 2d 51; *Griffin* v. *Mo. P. Rd. Co.*, 227 Ark. 312, 298 S. W. 2d 55; and *Farmers Union Co.* v. *Watt*, 229 Ark. 622, 317 S. W. 2d 285.