HAYES BROTHERS FLOORING CO. *v.* CARTER, ADM'X

5-3819                                        401 S. W. 2d 6

Opinion delivered March 28 1966
[Rehearing denied April 25, 1966]

, *Thomas B. Tinnon; Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*W. E. Billingsley, H. B. Stubblefield,* for appellee.

CARLETON HARRIS, Chief Justice. This is a wrongful death action. Allen Carter was killed in a motor vehicle collision in Izard County on January 25, 1963. The vehicle driven by Carter was involved in a collision with a tractor and trailer operated by Fred DePriest. Carter's widow instituted suit, both as administratrix and

in her individual capacity, against Fred DePriest, Wayne DePriest and Hayes Brothers Flooring Company, an Arkansas corporation with its office and principal place of business in Calico Rock, Arkansas. The complaint alleged that Fred DePriest was a regular employee of both Wayne DePriest (owner of the tractor and trailer) and Hayes Brothers Flooring Company, Inc., and was engaged in carrying on the business of Wayne DePriest and Hayes Brothers Flooring Company at the time of the collision. Acts of negligence on the part of Fred DePriest were enumerated in the complaint, and judgment was sought in the amount of $115,-000.00. Subsequently, the complaint was amended to include Hayes Oak, Inc., a Missouri corporation, as a defendant, the amendment asserting that Hayes Oak, Inc., had leased the tractor and trailer driven by DePriest, and that at all material times Fred DePriest was employed by the three named defendants, and was engaged in the business of these defendants at the time of the mishap. The DePriests answered, denying liability, and Wayne DePriest counter claimed for damage to his tractor and trailer. Both Hayes Brothers Flooring Company, and Hayes Oak answered, denying that Fred DePriest was an agent, servant, or employee, and further alleging that the collision was the fault of Carter. On trial, the jury returned a verdict in favor of appellee against all of the defendants in the amount of $65,000.00. From the judgment so entered, Hayes Brothers Flooring Company and Hayes Oak Company bring this appeal. Neither of the DePriests has appealed from the judgment.

Though several points are listed, the issue is whether there was substantial evidence to establish that Fred DePriest was an agent of appellant companies, and acting within the scope of his authority at the time of the collision.

Fred DePriest testified that he had hauled a load of rough lumber from Missouri to Calico Rock on January 25, 1963, and had delivered the load to the Hayes Lum-

ber Company yard, located about half a mile from Hayes Brothers Flooring Company. He said that Wayne DePriest owned the tractor and trailer, and had employed him as a driver; that Wayne DePriest gave him directions of "where and when" to go, and Wayne DePriest paid him. According to his testimony, he was returning to his home in Mammoth Spring, after delivering the load of lumber, when the collision occurred. When asked if he was hauling the lumber for one of the appellants, he replied, "I guess the lumber was owned by Hayes Brothers." Upon being interrogated as to whether this meant "Hayes Flooring," he answered, "or Hayes Oak." DePriest further testified that when he hauled flooring, he was paid by Hayes Brothers Flooring Company, but when he hauled rough lumber, he was paid by Wayne DePriest. The witness reiterated that he had hauled rough lumber, rather than flooring, on the day of the collision.

Wayne DePriest testified that he was the owner of the tractor and trailer involved in the collision; that he hired and fired his own drivers, paid them, told them when to work and when not to work, and gave all directions relative to the trips that were to be made. This was all of the substantive evidence offered that relates to the issue here involved, *viz*, whether Fred DePriest was an agent of either appellant, or an employee of either appellant, engaged in the business of his employer at the time of the collision.

It is, we think, evident that this case must be reversed. The testimony by Fred DePriest, "I *guess* the lumber was owned by Hayes Brothers," does not, of course, constitute substantial evidence. In the first place, judgments cannot be predicated on guesswork, and in the next place, the mere fact that the lumber was owned by either Hayes Flooring Company or Hayes Oak Company would not, in itself, impose any liability. The establishment of agency, or that an employee was acting in the course of his employment, is essential to a judgment against, respectively, a principal, or an employer.

During examination of Fred DePriest, the witness was interrogated relative to a statement that he had made at the taking of his discovery deposition. It was established that DePriest, at that time, when asked who was paying him on January 25, 1963, responded, "Hayes Brothers Flooring Company." At the trial, he endeavored to explain this statement by saying, "When I hauled hardwood flooring, they paid me." Of course, the evidence of what DePriest had said at the time of the taking of the deposition, was only admissible as bearing on the credibility of the witness. Certainly, this statement, under the circumstances, was not substantive evidence.

Appellant asks that we reverse and dismiss, but, after due consideration, we think it is possible that the case has not been fully developed. In fact, our ordinary procedure in reversing judgments in law cases is to remand for another trial, rather than dismiss the cause of action. It is only where it clearly appears that there can be no recovery that we consider it proper to dismiss the cause. *Pennington* v. *Underwood,* 56 Ark. 53, 19 S. W. 108, and *Arkansas Natural Gas Company* v. *Gallagher,* 111 Ark. 247, 163 S. W. 791. In *Reynolds Metals Company* v. *Ball,* 217 Ark. 579, 232 S. W. 2d 441, this court said:

"We are forced to conclude that the record does not contain substantial evidence that Reynolds discharged from its plant into the creek deleterious or poisonous substances which caused the damage of which plaintiff complains. The judgment based upon the jury's verdict in the Circuit Court must therefore be reversed.

"The evidence might well have been much more completely developed than it was. This Court has held that, even where a judgment based on a jury verdict is reversed for insufficiency of the evidence to support it, there may be circumstances which justify remanding the case for new trial, rather than outright dismissal."

In a more recent case, *Milum* v. *Clark*, 225 Ark. 1040, 287 S. W. 2d 460, we said:

"It is also argued that the case should be dismissed for want of any substantial evidence of Milum's negligence. We need not analyze the sufficiency of the testimony, for it is evident that the plaintiffs were surprised by Eoff's failure to testify to facts that may be susceptible of proof by other witnesses. In these circumstances we are unwilling to say that the case has been fully developed."

Here, though the record does not contain substantial evidence of liability on the part of appellants, it appears that the evidence might well be more completely developed, particularly when inconsistent statements (which could have some bearing on possible liability) were made by a principal witness.

Reversed and remanded.

McFADDIN, J., dissents.

ED. F. McFADDIN, Justice, dissenting. I dissent as to the *remand*. I agree that this cause should be reversed; but I think it should be *dismissed* as to the appellants, Hayes Brothers Flooring Company, Inc. and Hayes Oak, Inc. The appellee introduced all the evidence she desired to introduce against the said appellants, and she is not now entitled to "two bites at the came cherry." The case was fully developed as regards the asserted liability of the appellants; and since we find that they are not liable, they are entitled to be dismissed.

The judgment in the Lower Court was against Fred DePriest, Wayne DePriest, Hayes Brothers Flooring Company, Inc., and Hayes Oak, Inc. Neither Fred DePriest nor Wayne DePriest has appealed. How, now, can the case be retried as to them? And, without them, how can Hayes Brothers Flooring Company, Inc. and Hayes Oak, Inc. be subjected to a second trial?

Therefore I believe that the cause should be dismissed as to the present appellants.