# Harry BRACE *v.* John BUSBOON, d/b/a
# CONCOURS AUTO MARKET

76-386

549 S.W. 2d 802

## Opinion delivered May 9, 1977
## (Division I)

*Blevins & Pierce*, by: *James W. Stanley*, for appellant.

*Matthews, Purtle, Osterloh & Weber*, by: *Roy Gene Sanders*, for appellee.

GEORGE ROSE SMITH, Justice. In 1974 the appellee obtained a $3,610 default judgment in Dallas, Texas, against the appellant, a resident of Arkansas. The service of process upon Brace was effected under the Texas long-arm statute. In this suit by the appellee to register the judgment in Arkansas, Brace denied having received notice of the Texas proceeding and questioned the validity of the Texas judgment. This appeal is from a summary judgment holding the Texas judgment to be valid and registering it in Arkansas.

The appellee prefaces his brief with a motion to dismiss the appeal, on the ground that the appellant did not abstract the record as required by our Rule 9. We find appellant's purported abstract to be wholly deficient; but as Rule 9 (e) states, motions to dismiss the appeal on that ground are not recognized. Instead, as we have explained, if the appellee considers the appellant's abstract to be deficient, he has the

option of supplying the deficiency or leaving it unsupplied. *Royster* v. *Royster,* 232 Ark. 684, 339 S.W. 2d 607 (1960). Here the appellee elected to submit a proper abstract, thereby waiving any objection to the defect. (Pursuant to our per curiam order of September 20, 1976, amending Rule 9 [e], the appellee's attorney has submitted, as an appendix to his brief, certificates showing that his supplemental abstract took three hours to prepare and cost $38.40 to print. An allowance to the appellee of $188.40 will be made, to be taxed as costs.)

On the merits, we begin with the basic principle that statutes providing for service of process upon nonresidents must be strictly construed, reasonable notice to the defendant in a lawsuit being essential to due process of law. *Kerr* v. *Greenstein,* 213 Ark. 447, 212 S.W. 2d 1 (1948). In Texas, long-arm statutes must be strictly complied with, as a basis for jurisdiction. *Scucchi* v. *Woodruff,* 503 S.W. 2d 356 (Tex. Civ. App., 1973); *Country Clubs* v. *Ward,* 461 S.W. 2d 651, ref. n. r. e. (Tex. Civ. App., 1970); *Aetna Cas. & Sur. Co.* v. *Dobbs,* 416 S.W. 2d 869 (Tex. Civ. App., 1967). The record must affirmatively show that the court had jurisdiction of the defendant's person. *Whitney* v. *L & L Realty Corp.,* 500 S.W. 2d 94 (Tex., 1973); *Aetna* v. *Dobbs, supra.* The defendant's actual knowledge of the suit, absent proper service, does not put him in court. *Scucchi* v. *Woodruff, supra.*

Under the Texas long-arm statute, a nonresident natural person who engages in business in Texas is deemed to have appointed the Secretary of State as his agent for service in any suit arising out of that business. The plaintiff is required to deliver copies of the process to the Secretary of State, with the name and home address of the defendant. The Secretary of State must then forward to the defendant a copy of the process by registered mail, return receipt requested. Vernon's Ann. Tex. Stats., Title 42, Art. 2031b (1964).

In this case the name and address of the defendant, as furnished to the Secretary of State, were: Harry Brace, 3110 South University, Little Rock, Arkansas. According to the printed postal-department form that was used, a sender of registered mail is offered a choice of four available services. The cheapest one, costing 15 cents, entitles the sender to a return receipt showing only "to whom and date delivered."

An alternative service, costing 65 cents, directs that the registered mail be delivered only to the addressee, with the receipt to be signed by him.

In this instance the sender selected the 15-cent service. The return receipt was signed, "Betty Fleming," with the date. Thus, when the Texas court entered the default judgment against the defendant, Harry Brace, there was no indication whatever that Brace had received the registered mail or had any reason at all to know that he had been sued in the Texas court. Thus it can hardly be seriously argued that the record affirmatively showed, as required by Texas law, that the court had personal jurisdiction over the defendant.

The trial court, in sustaining the validity of the Texas default judgment, doubtless relied upon the fact that Brace, in this proceeding in Arkansas, admitted, in response to the plaintiff's requests, that his business address (not his home address, as the Texas statute specifies) was 3110 South University, Little Rock, and that Betty Fleming (who signed the receipt) was an employee of Harry Brace Roman Spa, Inc. Even so, the Texas long-arm statute was not strictly complied with, and under Texas law Brace's actual knowledge of the suit, if that knowledge existed, did not subject him to the personal jurisdiction of the Texas court.

Reversed.

We agree. Harris, C.J., and Holt and Roy, JJ.