Dale KING and Marcel KING *v.* D.J. KING and Emilene KING and Ronnie TUGGLE and Dale KING and Marcel KING *v.* Ronnie TUGGLE

86-293                                    730 S.W.2d 224

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Paul Petty & Robert Meurer*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, for appellee D.J. and Emilene King.

*Matthews & Sanders*, by: *Marci L. Talbot*, for appellee Ronnie Tuggle.

ROBERT H. DUDLEY, Justice. The appellants, plaintiffs below, Dale King and her minor son Marcel King, filed suit for recovery of medical expenses paid by the mother, Dale King, on behalf of her son, Marcel, and for injuries suffered by Marcel when he wrecked a three-wheeled motor vehicle. They sued Marcel's grandfather and grandmother, D.J. King and Emilene King, for failing to properly supervise Marcel, and for allowing

him to operate the three-wheeled vehicle. In a separate suit they sued the owner of the vehicle, Ronnie Tuggle, for negligence in allowing Marcel to operate the vehicle. The separate cases were consolidated for trial. At the conclusion of the plaintiffs' case-in-chief, the trial court directed a verdict against both plaintiffs. We affirm.

The appellants failed to abstract the pleadings, the findings of fact, the argument and the detailed ruling on the motion for a directed verdict, and submitted only a cryptic two and one-half page abridgement of all of the testimony. We find the appellants' abstract to be wholly deficient, but, as we have explained, if the appellee considers the appellants' abstract to be deficient, he has the option of supplying the deficiency or leaving it unsupplied. Ark. Sup. Ct. R. 9(e), and *Brace* v. *Busboon*, 261 Ark. 556, 549 S.W.2d 802 (1977). Here, the grandparent-appellees elected to submit a proper abstract on the claim of Marcel, thereby waiving any objection to the defect in his appeal. Pursuant to Rule 9(e) and the certificates of costs and attorneys' fees submitted by the grandparents' attorneys, we allow $92.90 as printer's costs and $552.00 as attorneys' fees to be taxed as extra costs against the appellants. The grandparent-appellees did not remedy the deficiencies in the abstract on the claim of the appellant-mother, Dale King, and therefore, on her appeal against the grandparents, we affirm the directed verdict under Rule 9(e). The appellee-owner of the three-wheeled vehicle, an entirely separate defendant in a consolidated case, elected not to cure the deficiency, which is best demonstrated by the fact that there is no mention whatsoever of the appellee-owner in the abstract of testimony. The consolidated case against the appellee-owner is therefore affirmed for failure to comply with Rule 9(d). In summary, all of the claims are affirmed for failure to comply with Rule 9(d), except the claim of Marcel King against his grandparents, D.J. King and Emilene King, which we consider on the merits because the appellee-grandparents supplied the deficiency under Rule 9(e).

The appellee-grandparents did not file an ARCP Rule 12(b)(6) motion for failure to state facts upon which relief can be granted, nor a Rule 12(c) motion for judgment on the pleadings on the basis of the family immunity doctrine. *See Rambo* v. *Rambo*, 195 Ark. 832, 114 S.W.2d 468 (1938); *Brown* v. *Cole*,

198 Ark. 417, 129 S.W.2d 245, 122 A.L.R. 1348 (1939); *Thomas v. Inmon*, 268 Ark. 221, 594 S.W.2d 853 (1980); and *Attwood* v. *Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982). Accordingly, we need not decide if the family immunity doctrine is applicable to the facts of this case.

The only issue before us is whether the trial court erred in directing a verdict against Marcel in his claim against his grandparents.

In an appeal from a directed verdict for a defendant, we are bound to give the evidence its highest probative value in favor of the plaintiff, together with every inference reasonably deducible from that evidence. *Ikani* v. *Bennett*, 284 Ark. 409, 682 S.W.2d 747 (1985). From that viewpoint, the facts are as follows: Marcel, aged 13, was a hyperactive child with a short attention span; he was developmentally younger than his chronological age; he presented problems in discipline and control; and his grandparents were familiar with his problems.

At his parents' request, Marcel was visiting his grandparents for the weekend. Some of Marcel's older cousins were also there. One of them owned a motorcycle and another borrowed the three-wheeler. Marcel's parents had instructed him not to ride on any motorcycle or three-wheeler. His parents also instructed the grandparents not to allow him to ride on either type of machine.

On the day of the accident, the grandfather, who was to watch the children, had been around his house, out in the yard, and, at the time of the accident, was nearby checking his cattle. He never left the immediate vicinity of the home. Marcel knew he was not to ride on either machine, much less drive one of them. Still, unknown to either grandparent, he drove the three-wheeler and wrecked it.

The appellant argues:

> In the case at bar, the minor plaintiff's father had repeatedly warned the defendants not to allow the minor plaintiff to ride the three-wheeler. Obviously, the defendants should have foreseen an appreciable risk of harm to the minor plaintiff in *allowing* him to ride the three-wheeler.

[Emphasis added.]

The short answer to that argument is that the grandparents did not *allow* Marcel to ride on the vehicle. Neither grandparent saw him on a machine nor had any knowledge that he was on the machine. He simply slipped away from them.

The appellant next argues that the grandparents were negligent in not "securing" the vehicle so that Marcel could not drive it. We do not think the argument is valid. The three-wheeled vehicle had been borrowed from a neighbor by Marcel's seventeen-year-old cousin. The cousin was an experienced driver. The grandfather was not under a duty to padlock a three-wheeled vehicle owned by a third person and being operated by a seventeen-year-old who was an experienced driver. There simply was no evidence of negligence. The trial court correctly granted the verdict for the appellee-grandparents.

Affirmed.

NEWBERN, J., not participating.