McCRITE v. HENDRIX COLLEGE.

4-5589                                  133 S. W. 2d 31

Opinion delivered October 23, 1939.

*Batchelor & Batchelor,* for appellant.

*Joseph R. Brown,* for appellee.

HOLT, J. Appellee, Hendrix College, sued appellants, J. W. McCrite and Maud McCrite, in Crawford chancery court on a note executed by appellants on December 7, 1924, to W. R. Willis, trustee for the Wallace Institute, for the sum of $200 with interest at ten per cent., due one year from its date, and to foreclose a mortgage upon lands of appellants given to secure the payment of said note.

Appellants, defendants below, in their answer admitted the execution of the note and mortgage, but specifically pleaded as a complete bar to plaintiff's right of recovery the five-year statute of limitations.

It was alleged in the complaint, and admitted in the answer, that the note and mortgage in question were transferred and assigned to appellee in February, 1934, pursuant to a decree of the Crawford chancery court.

Upon the trial of the cause the learned chancellor found that no payment of principal or interest had been

made on the note since the 7th day of December, 1930, but that the defense of the five-year statute of limitations should be denied for the reason that appellee, Hendrix College, is a charitable institution. A decree was accordingly entered in favor of appellee for $325, and the lands covered by the mortgage ordered sold in satisfaction thereof. From this decree comes this appeal.

The record reflects the following payments on the back of the note in question: "Dec. 1, 1925, by cash (in ink) $20; Nov. 29, 1926, by cash (in ink) $20; Oct. 1, 1927, by cash (in ink) $20; Dec. 4, 1928, by cash (in ink) $20; Dec. 4, 1929, by cash (in ink) $20; indorsement 2-6-30 (in ink); Int. to 12-7-30 (in pencil) $20; indorsement of record (in pencil) 2-8-32; (in pencil) Sept. 1, '34, $5."

Appellee's witness, W. R. Willis, testified: "Q. There are some notations on the back of that note. Do you know anything about them? A. Yes, sir, I made them. They represent the payment of interest." And on cross-examination he further testified relative to the notation of September 1, 1934, of $5: "I don't know myself who paid it. It was mailed to me by letter. I don't know who paid it. It was mailed to me from Carnegie, Oklahoma. Q. Do you know where the defendants lived at that time? A. At Carnegie, Oklahoma. Q. How was the letter signed? A. J. W. McCrite. Q. Upon receipt of that money, you indorsed the payment on the note? A. Yes, sir. . . . Q. How many payments did you credit on this note? A. Six payments. Q. You credited all six of those payments? A. Yes, sir. Q. Can you tell us how those payments were made? A. I don't remember. The last three or four payments have been paid by money order because they were sent to me from up there in Oklahoma. Q. Do you say that all of them were sent to you from Oklahoma? A. I can't say all of them were, but some of them were sent from there. Q. You have a notation in pencil here: 'Interest to 12-7-30, $20.' How was that paid? A. I am sure it was by post office money order because the last three or four payments have been by post office money order. Q. Can you tell what date it was paid? A. No,

sir. I have no idea. When I get them, I just get out the note—I have an idea it was somewhere near this date. When I got the money I would get the note and credit it on the back and send him a receipt for it. . . . Q. You have here in ink, 'endorsement of record 2-8-32.' What does that mean? A. This was put on the record down here—on the mortgage record.''

The testimony of J. W. McCrite, one of the appellants, is to the following effect: He lived at Carnegie, Oklahoma, and never occupied the mortgaged lands personally. The last payment he made on the note was in 1931, and had not seen Mr. Willis since that time. He stated that he always paid by check and not by money order.

Appellants correctly state that there is only one question to be determined here and that is: ''Is the plaintiff (appellee) barred by the Arkansas five-year statute of limitations''?

The case is tried here *de novo*.

Appellants earnestly insist that the trial court erred in holding that appellee, Hendrix College, is a charitable institution, and that the statute of limitations does not apply to it or run against it. In this contention, we think appellants are correct.

We find no evidence in this record that Hendrix College is a charitable institution, and even if it could be held to be a charitable institution still counsel for appellee have cited us to no authority that would justify our holding that, even as a charitable institution, the five-year statute of limitations should not apply to it just as it does to individuals, corporations and others under the laws of this state.

Our statute on limitations, § 8933 of Pope's Digest, makes no such exception, and is as follows: ''Actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not afterward.''

We cannot agree with appellee that this court in *State ex rel., Attorney General*, v. *Van Buren School District No. 42*, 191 Ark. 1096, 89 S. W. 2d 605, adjudged

Hendrix College to be a charitable institution. We think it was not the intention of this court to so hold in that case nor do we think it did so hold.

While we think the learned chancellor announced the wrong ground for the conclusions which he reached, we do not reverse his decree if we find that it can be sustained on some other ground justified by the entire record.

In *Ward* v. *Sturdivant,* 96 Ark. 434, 132 S. W. 204, this court said: "Upon the appeal of a case in equity to this court the cause is heard *de novo.* The appeal brings up the whole case, and this court passes upon the record as to the facts as well as the law. The findings of fact by the chancellor are not conclusive upon appeal. His findings are persuasive only, and this court reviews the evidence as in a case upon trial *de novo.* And if, upon an examination of the whole case, it appears that the decree of the chancellor is correct, it will not be reversed, although it is based upon an erroneous conclusion of fact. *Kelly* v. *Carter,* 55 Ark. 112, 17 S. W. 706; *Niagara Fire Insurance Company* v. *Boon,* 76 Ark. 153, 88 S. W. 915; *Parker* v. *Wells,* 84 Ark. 172, 105 S. W. 75; *Fordyce Lumber Company* v. *Wallace,* 85 Ark. 1, 107 S. W. 160."

After a careful consideration of this record, we have reached the conclusion that a preponderance of the testimony shows that the last payment of $5 on the note in question was made and entered on the back of the note on September 1, 1934, and since suit was properly begun on November 18, 1938, a little more than four years after the last payment, appellee's cause of action was not barred.

The law is well settled in this state that the burden is upon the one pleading the statute of limitations in bar to establish its application by testimony, and this we think appellants have failed to do in this case. *Yaffee Iron & Metal Company* v. *Pulaski County,* 188 Ark. 808, 67 S. W. 2d 1017.

We conclude, therefore, that the decree of the trial court should be affirmed, and it is so ordered.