NORDEN *v.* DEVORE.

4-7496                                          184 S. W. 2d 585

Opinion delivered January 8, 1945.

1106

*Mike McCuing*, for appellant.

*Botts & Botts*, for appellee.

Robins, J. Appellant, J. W. A. Norden, seeks to reverse a decree rendered by the lower court against him and others. By this decree appellees were given a personal judgment against appellant for amount found due on two promissory notes and foreclosure of a real estate mortgage securing the debt was ordered.

Appellees, W. J. DeVore, N. J. DeVore and Benjamin DeVore, are the only children of, and appellee, Mrs. Sarah E. DeVore, is the widow of J. I. DeVore, who died intestate on November 17, 1928. One of the notes sued on herein was for $3,000, executed on April 16, 1921, by J. H. Natho, J. W. A. Norden and A. G. Richter, payable to J. I. DeVore, bearing interest at the rate of ten per cent. per annum. After crediting many payments, appellees alleged that there was due on this note $5,026.95. A real estate mortgage, conveying eight lots in Gillett, Arkansas, to secure this note, was executed on the same day by the makers of this note to J. I. DeVore. The other note sued on was for $500, dated March 10, 1931, due one year after date, payable to Sarah E. DeVore or W. J. DeVore, and signed "Rook & Company by J. H. Natho by J. W. A. Norden."

To the complaint of appellees asking judgment for the amount of these notes and foreclosure of the mortgage, appellant filed a separate answer, in which he set up a general denial of the allegations of the complaint, and an allegation that numerous payments not credited had been made and that there had been an agreement with J. I. DeVore by which this note was settled by the makers thereof obtaining a release for DeVore of certain liabilities growing out of a bank failure; and appellant also pleaded the statute of limitation.

An answer was filed by other defendants, but, since these defendants have not appealed, the defenses asserted by them are not material in a consideration of this appeal.

When the case came on for trial appellant asked permission to withdraw his answer and filed a demurrer, principal ground of which was that the complaint did not contain allegations sufficient to show capacity of appellees to bring the suit. Prior to the trial the depositions of three witnesses in the cause were taken and filed. The lower court found that, after allowing all credits, there was a balance of $7,032.79 due to appellees on the debts sued on, rendered judgment against appellant for that amount and ordered foreclosure of the mortgage.

Appellees have moved for an affirmance of the decree appealed from on the ground that appellant has failed to make an abstract of the testimony as required by Rule IX of this court. Appellant concedes that he has made no such abstract, but argues that it was unnecessary to do so because the lower court decided the case on the complaint and the demurrer without considering the testimony.

We are unable to determine from an examination of the decree whether the chancellor did or did not take into consideration the testimony. But regardless of the procedure in the lower court, an abstract of the testimony should have been made by appellant. On an appeal from a decree of the chancery court we try the case *de novo,* and, while the lower court, where there is a demurrer to the complaint as well as testimony, might deem it unnecessary to examine the testimony, it is necessary and proper for us to consider the testimony so as to enable us to determine whether the complaint, if defective, was aided by the proof.

Appellant's principal contention in this court is that the complaint failed to set forth facts necessary under the statute to show that the widow and heirs of J. I. DeVore, deceased, rather than an administrator of his estate, were authorized to institute and maintain this action. Counsel for appellees insist that, even if these

facts were not properly alleged in the complaint, there was testimony in the record to establish them. If this is true, we would of course be compelled to hold that, regardless of whether the lower court considered this testimony, any such defect in the complaint was cured thereby.

Chief Justice HILL, speaking for the court, in the case of *Greenlee* v. *Rowland,* 85 Ark. 101, 107 S. W. 193, said: ''Ordinarily it is the duty of this court to determine the whole case, irrespective of how the chancellor reached his conclusion. Although the chancellor may have erred in his ruling upon the demurrer, yet, if the facts show that the same decision should be reached upon the merits, then it is the duty of this court to affirm it. If, on the other hand, his ruling is right upon the demurrer, but wrong on the whole case as developed before him, and before this court, then it is the duty of this court to reverse.''

In order to determine properly the issues raised herein, it would be necessary for us to explore the transcript and review the testimony, so as to ascertain whether the evidence was sufficient to support the decree rendered by the lower court. The impossibility of each member of the court making an examination of the entire record in every case necessitated the promulgation of Rule IX, which requires the appellant to make and print a fair abstract of the testimony. We have frequently held that compliance by the appellant with this rule is necessary to a prosecution of an appeal. *Merritt* v. *Wallace,* 76 Ark. 217, 88 S. W. 876; *Eddy Hotel Company* v. *Ford,* 90 Ark. 393, 119 S. W. 270; *Rural Single School Districts* v. *Lake City Special School District,* 144 Ark. 362, 223 S. W. 381.

Since appellant has failed to make abstract of the testimony, as required by Rule IX, the motion of appellees must be granted and the decree of the lower court affirmed.