Smock *v.* Corpier.

5-1022                                    292 S. W. 2d 260

Opinion delivered July 2, 1956.

*Charles A. Wade,* for appellant.

*Wood & Smith,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee, who is the appellant's tenant, for specific performance of an option to purchase the land covered by the written lease. The defense is that the option was available to the tenant only during the first two years of the original five-year term and cannot be exercised during the five-year renewal term that is now in force. The chancellor, finding the lease to be ambiguous, allowed the appellee to introduce parol evidence to explain the document. Upon the basis of that proof the court held that the option to purchase could be exercised during the renewal term.

We are unable to determine from the appellant's abstract of the record, which the appellee has not supplemented, whether the chancellor's decree is erroneous. Parol evidence is frequently admissible to explain the meaning of a written instrument. The appellant asserts that this lease is free from ambiguity, but she has not quoted its language or even summarized it adequately. She also asserts that the oral proof was inadmissible, but she declines to abstract any of the testimony. It is manifestly impossible for us to sustain her contention without having either the lease or the testimony before us.

In reply to the appellee's criticism of the abstract the appellant insists that it is unnecessary to abstract the testimony in a chancery case, for the reason that this court tries the case *de novo*. The appellant is mistaken in her understanding of our practice. The case is tried *de novo*, it is true, but the trial is upon the evidence as abstracted by the parties and not upon the original record. We have repeatedly required compliance with Rule 9 in equity cases. *Davis* v. *Spann*, 92 Ark. 213, 122 S. W. 495; *Norden* v. *DeVore*, 207 Ark. 1105, 184 S. W. 2d 585; *Reep* v. *Reep*, 219 Ark. 270, 241 S. W. 2d 262.

Affirmed.