TUMLISON *v.* HARVILLE.

5-3021

372 S. W. 2d 385

Opinion delivered October 28, 1963.

[Rehearing denied December 9, 1963.]

*J. R. Wilson,* for appellant.

No brief filed for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant to cancel certain deeds as clouds upon the plaintiff's title to a forty-acre tract, to quiet the plaintiff's title to the land, and to recover double damages from the plaintiff's grantors. At the close of the plaintiff's proof the chancellor sustained a demurrer to the evidence, finding that Tumlison had parted with his title in 1938 and therefore was not in a position to maintain the suit. Whether the chancellor's reasoning was correct is not argued in the appellant's brief and hence is not an issue here. *Fitzhugh* v. *Leonard,* 179 Ark. 816, 19 S. W. 2d 1010.

Tumlison testified that he bought the land from Riley and Mears in 1930, received a deed from them in 1934, and had possession from 1930 until 1938. In the latter part of 1938, after Tumlison had moved off the land, he found that H. C. Harville had taken possession. Tumlison says that he made an oral agreement with Harville by which Harville was to buy the land for $650, with the money to be paid when Harville became able to pay it. In the meantime Harville was to remain in possession and keep the taxes paid.

Harville died in 1945 without having paid anything upon the purchase price. What became of the title after Harville's death is not clearly shown by the proof. Tumlison has not been in possession since 1938. A number of conveyances have been made by persons who seem to derive title either from Tumlison's grantors or from Harville, but it is not shown that any claimant has been in adverse possession for a sufficient length of time to acquire the title.

Counsel for the appellees have not filed a brief, but they have insisted by motion that the decree should be

affirmed for noncompliance with Rule 9. It is true that the appellant's abstract and brief do not conform as well as they should to our rules. The abstract contains much argumentative matter and is not supported by page references to the record. Six points for reversal are listed, but the brief is not correspondingly subdivided, as required by Rule 9 (f). We hardly think, however, that the deficiencies are so serious as to require a summary affirmance; so we shall consider the appellant's principal arguments upon their merits.

It appears that Tumlison's grantors, after having conveyed the land to him, executed a second deed purporting to convey the property to someone else. It is now contended that Tumlison is entitled to double damages from the surviving grantor, under the statutes making it a criminal offense for one to sell the same land to two different persons and providing for double damages to the defrauded grantee. Ark. Stat. Ann. §§ 41-1933 and -1934 (1947).

The trouble is that there is no proof that this asserted conduct on the part of Tumlison's grantors has in fact damaged him. It is true that Tumlison has been out of possession since 1938, but he admits that he voluntarily relinquished possession to Harville. We find nothing in the appellant's abstract of the record to indicate that his own title has been adversely affected by any later deed that his grantors may have executed. As a condition to the recovery of double damages a plaintiff must first show that he has been damaged. Here that proof is wanting.

It appears that one of the appellees has an abstract of title to the tract in dispute. In the course of the trial the chancellor denied the plaintiff's request that this defendant be compelled to produce this abstract and make it available for examination by plaintiff's counsel.

We find no error in this ruling. Although there was no formal motion for discovery under the statute, we may assume that the principles embodied in our discovery

act are controlling. That statute contemplates that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence, Ark. Stat. Ann. § 28-356 (Repl. 1962), or which may reasonably be expected to lead to the discovery of evidence. § 28-348 (b). Here the abstract of title falls only in the latter class.

The trial court has wide discretion in determining whether there is good cause for the discovery of documents. *Dunaway* v. *Troutt,* 232 Ark. 615, 339 S. W. 2d 613. We think the requirement of good cause was not met in this instance. There is no suggestion that the abstract of title contains any information that is not a matter of public record. No doubt the owner of the abstract paid for having it made. The only suggested cause for the requested discovery is that it would save plaintiff and his attorney either the trouble of searching the public records or the expense of obtaining an abstract of their own. In the absence of any legal or contractual duty binding the defendant to submit the abstract to the plaintiff, and no such duty is shown, the chancellor did not abuse his discretion in refusing to compel the defendant to permit his private property to be used in the preparation of his adversary's case.

Complaint is made of the chancellor's refusal to require various defendants to answer interrogatories attached to the plaintiff's pleadings. More than seventy such interrogatories were filed. Counsel for the defendants filed objections to a number of the inquiries, as they were entitled to do. Ark. Stat. Ann. § 28-355 (Repl. 1962). The chancellor considered the matter with care and filed an opinion directing that only certain interrogatories be answered. Since the abstract of the record tells us nothing about the interrogatories that were not to be answered we are not in a position to say that the chancellor was wrong in ruling as he did.

It may be that Tumlison has suffered an injustice at the hands of the appellees, but if so the wrong occurred many years ago. As we said in *Cunningham* v. *Brum-*

*back,* 23 Ark. 336: "The law wisely holds that there shall come a time when even the wrongful possessor shall have peace; and that it is better that ancient wrongs should go unredressed than that ancient strife should be renewed."

Affirmed.

JOHNSON, J., not participating.