DAN CUMMINGS AND BESSIE CUMMINGS *v.* JIM O. BOYLES,
PAUL ROGERS AND METTIE ROGERS

5-4113                                                415 S. W. 2nd 571

Opinion delivered February 27, 1967

[Rehearing denied, June 5, 1967]

PER CURIAM. The appellees, within the time allowed for the filing of a petition for rehearing, filed a motion for clarification of the opinion, which is in substance a petition for rehearing. It is contended that the court was in error in modifying the chancellor's decree and that the decree should have been affirmed.

This contention is well taken. The modification was based upon a finding that part of Beaver Dam Island had formed within the appellants' original boundaries and, therefore, belonged to them by operation of Ark. Stat. Ann. § 10-202 (Repl. 1956). That theory of the case was not argued by the appellants as a basis for reversing the chancellor's decree. The statute was mentioned only in connection with the appellants' request that if the decree should be affirmed the cause should, nevertheless, be remanded for a determination of what changes, if any, in the channel of the river might have been made by the Corps of Engineers after the trial of this case. It is a familiar rule of practice that an appellant waives any contention not argued in his brief. *Johnson* v. *Gammill*, 231 Ark. 1, 328 S. W. 2d 127 (1959) ; *Bowling* v. *Stough*, 101 Ark. 398, 142 S.W. 512 (1911). Although chancery cases are tried *de novo*, we do not reverse the decree upon a ground not argued by the appellant.

The decree is affirmed, without prejudice to the assertion by either party of any new cause of action that may have arisen since the trial as a result of the activities of the Corps of Engineers.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent from the per curiam opinion of the court which eliminates the modification of the trial court's decree provided for in our original opinion. I agree that the motion for a clarification should be considered as a petition for rehearing. It is also proper that the former opinion should be corrected, as we never intended to award to appellants the title to land they never acquired either by deed or by accretion or island formation within their original boundary.

I would correct the original opinion to direct that the lower court's decree be modified to award to appellants so much of Beaver Dam Island, as it now exists, which lies within the original boundaries of the following land description:

Section 32 and the SW ¼ of the NW ¼; the NE ¼ of the SW¼; the NW¼ of the SW¼ and the NW ¼ of the SE ¼ of Section 33, as well as that part of the SE ¼ of the NW ¼ of Section 33 bounded on the south by the NE ¼ of the SW ¼ of Section 33, and on the north by the "chute" of the Arkansas River, which flows or lies south of Beaver Dam Island, as such chute existed on March 10, 1923; all in Township 4 North, Range 14 West in Pulaski County, Arkansas.

Appellants acquired title to so much of the SE¼ of the NW¼ of Section 33 that lies south of Beaver Dam Island and south of the chute (once the Arkansas River) on the south side of Beaver Dam Island as accretions to the NE¼ of the SW¼ of Section 33 under order of the Pulaski County Circuit Court dated March 10, 1923, appearing at page 81 of the abstract of title

filed as exhibit 11 to the record in this case. I find no merit in the contention by appellees, made for the first time in this court, that appellants' title to the SW¼ NW¼ of Section 33, except for railroad right-of-way, is not good because of a void description.

I also agree with the chancellor's finding that no avulsion did, in fact, occur in 1957, and agree that a "chute" or at least water of some description of varying depth, width and movement has existed on the south side of Beaver Dam Island since the late 1800's. The findings of the chancellor that Beaver Dam Island was never an accretion to land owned by appellants, and that appellants failed to prove title to Beaver Dam Island by adverse possession are not against the preponderance of the evidence. The evidence seems to me to establish beyond question that a part of the island formed within appellants' boundaries, possibly by accretion to the island. In his holding to the contrary, I feel that the trial judge was in error.

But the majority, in their action on rehearing, say that my proposed action cannot be taken because this theory of the case was not argued as a basis for revers ing the decree and that the appellants waive any contention not argued in their brief. Trials of appeals from equity courts are de novo and this court determines where the preponderance of the evidence lies. Bringing a chancery case to this court for review opens the whole case as if it had never been tried, as to all the points made in the court below. *Woodruff* v. *Core*, 23 Ark. 341. The appeal brings up the whole case and the court passes upon the record as to the facts as well as the law. *Mccrite* v. *Hendrix College*, 198 Ark. 1149, 133 S. W. 2d 31. In this court, the law and the facts are examined the same as if there had been no decision at *nisi prius* and this court renders its decree based upon such record. *Arkansas Bankers' Ass'n.* v. *Ligon*, 174 Ark. 234, 295 S. W. 4; *Grayson* v. *Bowie*, 197 Ark. 128, 122 S. W. 2d 536.

Of course, this does not mean that we will search the transcript and decide the case on the basis of that search. Trial de novo is upon the evidence as abstracted and not the original record. *Smock* v. *Corpier*, 226 Ark. 701, 292 S.W. 2d 260.

Although no assignment of errors is required by Act 555 of 1953, I agree that we should require compliance with Rule 9 (c) which requires that appellant list and number the points relied upon for reversal of a decree. I would not propose that the trial de novo be converted into a search for error. I agree that we can consider points not raised as waived, for this court cannot be expected to place itself in the position of the appellant and decide in just what respect a decree erroneously affects him adversely. While appellants did not list as a separate point the error of the lower court in finding that no part of the island formed within their original boundaries, they listed the following point:

"Alternatively, if appellants' position is not sustained in this appeal, this cause should be remanded with directions to modify the decree herein to determine the interests of the appellants in accretions subsequent to the trial of the case for the reason that the construction of revetments by the U.S. Corps of Engineers has altered the natural flow of the river, so that subsequent accretions are not the natural result of gradual deposits."

The evidence showed certain of these revetments to be within appellants' original boundaries in a river chute between their lands on the mainland and that portion of Beaver Dam Island within their original boundaries. While I think appellants were in error as to the remedy in asking that the cause be remanded, they recognized that a determination of just what they were entitled to under existing conditions could be determinative of their rights in subsequent deposits in the chute. An examination of the exhibits will reveal that these deposits will likely be more valuable than the present rights of appel-

lants in the island. I say that the question was presented in their argument under this point. I say this, even though I think they should have recognized that this is a trial de novo and asked for relief here by way of fixing the extent of their rights within their original boundaries. The portions of this argument that I deem to raise the question are:

"Should it be determined that the appellants do not own the land in question because it is not an accretion; there still remains the difficulty of determining the ownership of lands accreting to the lands of appellants because the construction of revetments by the U.S. Corps of Engineers has been such as to alter the natural flow of the river, and in effect to cause deposits which are not the result of the natural, gradual action of the stream. An examination of the aerial photographs introduced into evidence in this case show that several of these stone and wood revetments have been constructed which will in time eliminate the flow of water through the chute.

\* \* \*

\* \* \*If the lands in dispute are determined not to have arisen by accretion to the land of the appellant the natural effect of such a decision will be a finding that they are accretions to the island claimed by appellee Boyles.

Ark. Stats. Ann. § 10-204 provides: The title to all lands which have heretofore formed, or may hereafter form, in the beds of non-navigable lakes, or in abandoned river channels or beds, whether or not still navigable, which alluvian or reformed lands are above the ordinary high water mark, shall vest in the riparian owners to said lands and shall be assessed and taxed as other lands."

If there were no reference to the statute under which

appellants are entitled to the part of the island within their original boundary, in their abstract or brief, I would concur. *Bowling* v. *Stough*, 101 Ark. 398, 142 S.W. 512 (on rehearing).

A further examination of appellants' abstract and brief, then, is in order. In the statement of the case appellants assert that they claim a tract lying south of the present channel of the Arkansas River alleged by them to be formed by accretions. There is no question but what the claim to the lands I would direct be awarded to them was asserted in an amendment to appellants' complaint shown in the abstract. There they claimed this part as that portion of Beaver Dam Island which formed within the boundaries of land owned by them and their predecessors in title.

This case, then, presents a situation that I think calls for the action I would take. This court has held a brief not subdivided according to the points for reversal listed was not a deficiency so serious as to require summary affirmance. *Tumlison* v. *Harville*, 237 Ark. 113, 372 S.W. 2d 385. This court also granted a rehearing in a case where it originally took statements in a brief of appellee designating a certain tract as the tract in controversy as abandoning its claim to an adjoining tract. *Sadler* v. *Campbell*, 150 Ark. 594, 236 S.W. 588.

While it might be said that in this manner appellee had no chance to respond, appellee actually did respond and claimed under the authority of an Illinois case and a Kansas case that an addition or extension of the island by accretion became the property of the owner of the island.

I thoroughly agree that we should correct mistakes in our original holding on rehearing, but the approach taken here to deny appellant relief granted in the original decision by first finding that there was waiver of the point on which that relief was based on rehearing seems to me to be without precedent. I would not categorically

say that it was never appropriate, but under the circumstances of this case I deem it improper.

J. FRED JONES, Justice, dissenting. I agree that the petition for clarification was correctly treated as a petition for rehearing in this case and I agree that the petition was properly granted.

I do not agree with the majority in denying to the appellants the title and possession of the land they bought and paid for and to which they proved their record title at the trial of this case. The effect of the majority opinion as I view it, is to divest appellants of the proven title to a part of their land simply because they argued in their printed briefs that they claimed more land by accretion than they proved by purchase and failed to argue the record title to the land their deeds called for. It is my position that when this court tries a case de novo on appeal from a Chancery Court it should do so on the record and not on the briefs.

I can abide a rule of practice that would prevent an appellant from adding land to his record title on a theory not argued in his brief, but I cannot abide a rule that would divest a proven record title in a case where more land is claimed by accretion than is proven by deed of conveyance simply because the *theory* of acquisition by accretion is argued in the brief rather than the *fact* of acquisition by deed of purchase as proven in the record.

Appellants proved their title to the southwest quarter of the northwest quarter of section 33 by deed of conveyance and also proved their title to that portion of the southeast quarter of the northwest quarter of section 33 south of the so-called chute which was formerly considered the Arkansas River. If any part of Beaver Dam Island falls within the boundary lines of the southwest quarter of the northwest quarter as the exhibits in the record indicate that it does, it is my opinion the appellants should be awarded possession of the lands

enclosed within such boundaries even if they did acquire it by purchase as proven at the trial rather than by accretion as argued in their briefs. If appellees have cut and sold timber from any of this land, it is my opinion that the amount of timber cut should be determined and damages awarded.

I agree that the activities of the U.S. engineers in the area of this land either past, present or future have nothing to do with this lawsuit.

I would award possession of the above described lands to the appellants as prayed in their complaint and would remand for a determination of damages for timber, if any, cut and sold from said lands.