LEECH *v.* MISSOURI PACIFIC RAILROAD COMPANY.

4-3385

Opinion delivered April 30, 1934.

*W. R. Donham,* for appellant.

*R. E. Wiley, R. Ryan* and *Henry Donham,* for appellee.

HUMPHREYS, J. Appellant brought suit in her representative capacity against appellee and L. N. Graham for damages in the sum of $45,000 for the benefit of herself as widow and her son and for $5,000 for the benefit of the estate of her deceased husband, Ivan E. Leech,

on account of his death caused by the collision of appellee's train and Graham's automobile at the road crossing between Owosso Manufacturing Company plant and the station at Benton, through the alleged concurrent negligence of Graham and appellee's employees. The alleged negligence on the part of appellee was its failure to blow its whistle and ring its bell as it approached said crossing and the failure of Graham to effectually look to see if the train was approaching as he drove upon the crossing.

Graham filed no answer. Appellee filed an answer denying the material allegations of the complaint and pleading that Graham's negligence was imputable to deceased, who was riding as a guest in his car.

The submission and trial of the cause resulted in the following verdict:

"We, the jury, find for the plaintiff against both defendants and assess her damages for the benefit of the estate of the deceased in the sum of $3,750.

"Jos. R. Curland, Foreman," and nine others.

A judgment was rendered in accordance with the verdict, and the amount thereof was declared a lien upon the railroad of appellee as provided by statute. The judgment contained the following paragraph: "It is further considered, ordered and adjudged that no finding was made by the jury upon the cause of action for the benefit of the widow and child of the deceased. It is therefore considered, ordered and adjudged that the plaintiff take nothing upon her cause of action for the benefit of the widow and child of the deceased."

Appellant appealed from that part of the judgment precluding a recovery by appellant for the benefit of herself as widow and the benefit of her five-year-old son.

No exception was filed to the judgment by appellee, no motion for a new trial was filed by it, and no appeal prayed from the judgment by it when the judgment was entered.

After the transcript of the cause was filed by appellant in the Supreme Court and more than six months

after the rendition of the judgment, appellee prayed and was granted a cross-appeal.

When the verdict was returned into court, the record reflects the following occurrence: "Mr. W. R. Donham: Is that for the benefit of the estate and nothing for the benefit of the wife at all? A Juror: No, sir. The Court: The jury will be discharged and be back in a few minutes; we want to start another case. Mr. W. R. Donham: Let the record show that, upon returning the verdict and upon the verdict's being read by the foreman of the jury, W. R. Donham, counsel for the plaintiff, arose and propounded the following question: 'Did the jury not intend to find any amount of damages for the benefit of the widow and child of the deceased?' To which the foreman replied in the presence of all the jury and in open court, 'No, sir.' Mr. R. M. Ryan: Let the record show no exceptions were saved in the presence of the jury. Mr. W. R. Donham: I am saving them now. I want the record to show I object and except to the form of the verdict. The Court: All right. Mr. W. R. Donham: The plaintiff requests that the jury be recalled and sent back to the jury room for further deliberations and that they be instructed that if they return a verdict against the defendants jointly for the estate they must necessarily also return a verdict for the benefit of the widow and child of the deceased. The Court: Motion overruled. To which ruling and action of the court the plaintiff at the time excepted and asked that her exceptions be noted of record, which was accordingly done."

Appellant contends that two causes of action were alleged, which is conceded by appellee, and that she was entitled to a verdict as well upon her cause of action for the benefit of herself and son as upon her cause of action for the benefit of the estate, and that it was error not to require the jury to return a verdict for a substantial amount for the benefit of herself and son. It is argued that in order to find a verdict for the benefit of the estate it was necessary for the jury to find that appellee and Graham were negligent and that deceased was not. This is true, and the verdict on behalf of the estate is sup-

ported by sufficient evidence, as there was testimony tending to show these facts. It does not follow, however, that because two separate and distinct causes of action are tried by the same jury the finding of facts in one cause is binding on the jury in the other cause of action if there is a dispute in the testimony. Although there was evidence tending to show concurrent negligence on the part of Graham and appellee and no negligence on the part of deceased, yet there was evidence tending to show no negligence on the part of appellee, and the jury was at liberty to so find in the cause of action on behalf of appellant for the benefit of herself and son, as much so as if the two causes of action had been tried separately instead of together. Notwithstanding the causes of action may be tried together under the provisions of the statute, they are wholly independent of each other, and the finding of the jury in one is not binding upon the jury in the other if the facts are in dispute, as they were in this case.

The main contention of appellant, however, is that, according to the judgment and record made, the jury returned no verdict either for or against her on her cause of action for the benefit of herself and son. A majority of the court, not including Mr. Justice MEHAFFY and the writer, are of opinion that the questions propounded to the jury and answered by the foreman, elicited the information and verdict to the effect that the jury intended to find appellant was entitled to nothing on her cause of action for the benefit of herself and son.

Mr. Justice MEHAFFY and the writer are of opinion that the queries and answers elicited the information that the jury made no finding at all on appellant's cause of action for the benefit of herself and son, which view is supported by the above quoted recital in the judgment appealed from.

There being no proper cross-appeal or appeal by appellee, the questions raised thereon are not before us for determination.

No error appearing, the judgment is affirmed,