CANADY v. ALLEN

5-3554                                    393 S. W. 2d 865

Opinion delivered September 27, 1965.

*Gordon & Gordon,* for appellant.

*Smith, Williams, Friday & Bowen* and *William H. Sutton,* for appellee.

GEORGE ROSE SMITH, J. This is a three-cornered lawsuit involving personal injuries suffered by Woodrow Wilson Canady, a minor, in a three-car collision. Only two issues now remain in the case. On direct appeal young Canady, by his father as his next friend, contends that the trial court erred in directing a verdict in favor of Alphus Mitchum, one of the other two drivers involved. On cross appeal Mitchum in turn contends that the trial court, after having directed a verdict in his favor, erred in requiring him to contribute as a joint tortfeasor to the $22,000 judgment that Canady and his father obtained against Linda Allen, the third driver. (Linda and her husband also took an appeal, but in this court they elected to dismiss it.)

There is no essential dispute in the controlling facts. After dark on the evening of December 27, 1963, young Canady was driving a borrowed car on a highway in Conway county. Minor engine trouble developed, and Canady stopped on the right-hand shoulder of the road with the intention of fixing the car himself. It was too

dark for him to see the engine without a flashlight. A few minutes later a young friend of Canady's, Alphus Mitchum, stopped and offered to help. Under Canady's supervision Mitchum parked his own car on the shoulder in front of the disabled vehicle. Mitchum's car was facing the wrong way with respect to traffic, so that his headlights would provide illumination while Canady worked on his own engine. While the two cars were thus face to face Linda Allen, driving her husband's car, ran into the rear end of the Canady car and caused the personal injuries for which young Canady and his father recovered judgment.

We think the court was right in directing a verdict in favor of Alphus Mitchum. Counsel for Mitchum cite authorities such as *Haralson, Admx.,* v. *Jones Truck Lines,* 223 Ark. 813, 270 S. W. 2d 892, 48 A.L.R. 2d 248 (1954), holding that even a good Samaritan may expose himself to liability if he acts carelessly. (Canady contends that Mitchum was negligent in parking his car on the wrong side of the road with its lights on.)

The rule in question does not quite reach this case. Here Canady consented to Mitchum's conduct and even participated in it by pointing out exactly where Mitchum should park. Thus the case falls within the rule stated in § 892 of the Restatement of Torts (1st Ed., 1939): "A person of full capacity who freely and without fraud or mistake manifests to another assent to the conduct of the other is not entitled to maintain an action of tort for harm resulting from such conduct." See also *Yelvington* v. *Mitchell,* 191 Ark. 909, 88 S. W. 2d 817 (1935). This principle is undeniably just. It goes against the grain even to suggest that a person in distress may solicit another's assistance, dictate the exact form of that assistance, and then turn upon his benefactor when it is really his own judgment that proves to have been wrong. He alone is to blame.

Secondly, the court submitted interrogatories on the issue of comparative negligence. The jury divided the fault in the ratio of 90% to Linda Allen, 10% to Alphus

744

Mitchum, and none to Woodrow Canady. In entering the judgment the court required Mitchum to contribute his proportionate share to any amount that the Allens may be compelled to pay.

This part of the judgment is wrong. As we have seen, any negligence on the part of Mitchum must be imputed to Canady. In an analogous situation we have held that a passenger who is found to have assumed the risk of his own driver's negligence must submit to a proportionate reduction in his judgment for damages against the other driver. *J. Paul Smith Co.* v. *Tipton,* 237 Ark. 486, 374 S. W. 2d 176 (1964). Thus the trial court was right in having the jury fix the degree of Mitchum's fault, but the judgment should have exonerated both Mitchum and the Allens from liability for the corresponding proportionate part of Canady's damages. Canady has no standing to recover from either of them for that part of his own damages attributable to conduct to which he consented.

Affirmed on direct appeal, reversed on cross appeal.