WILLIAM R. HASS, ADMINISTRATOR OF THE ESTATE OF WILLARD HODGES, DECEASED v. LOUIS KESSELL, BY LEROY KESSELL HIS FATHER AND NEXT FRIEND, AND LEROY KESSELL, INDIVIDUALLY

4683                                                    432 S.W. 2d 842

Opinion Delivered October 14, 1968
[Rehearing denied November 18, 1968.]

*Putman, Davis & Bassett* for appellant.

*Crouch, Blair & Cypert* for appellees.

J. FRED JONES, Justice.  This case arises out of a collision between two automobiles in Springdale, Arkansas.  One of the vehicles was owned and operated by Willard Hodges.  The other vehicle was owned by Springdale Motor Company and was operated by Randy Morris, a minor, fifteen years of age.  Louis Kessell, then fourteen years of age, and Jimmy Ray Combs, then sixteen years of age, were passengers in the vehicle driven by Morris.  The Collision occurred when Hodges drove his automobile into the path of the automobile driven by Morris.  Willard Hodges sustained fatal injuries in the accident and Randy Morris and Louis Kessell were severely injured.

Separate suits were filed against the estate of Hodges on behalf of the minors, Kessell and Morris, for their personal injuries and on behalf of Springdale Motor Company to recover for its property damage. The administrator of Hodges' estate answered by gen-

eral denial and pleaded contributory negligence on the part of Kessell. The administrator also alleged that Kessell's injuries were caused by the negligence of Morris; that Kessell assumed the risk of Morris' negligence; that they were on a joint venture and that Morris' negligence was imputed to Kessell. The administrator also cross-complained for contribution from Morris in the event of an adverse judgment. The cases were consolidated for trial and the issues were submitted to the jury on eight interrogatories to be answered in the form of verdict. Interrogatories 1, 2, 3, 4, 5, 6 and 8 being pertinent to the problem here, they were propounded to the jury and answered as follows:

"No. 1. Do you find from a preponderance of the evidence that the deceased, Willard Hodges, was guilty of negligence which was a proximate cause of the accident in question?

Answer: Yes.

No. 2. Do you find from a preponderance of the evidence that Randy Morris was guilty of negligence which was a proximate cause of the accident in question?

Answer: Yes.

No. 3. Using 100% to represent the total fault or negligence, what percentage of fault or negligence do you find to be attributable to each of the following?

Willard Hodges,     44%
Randy Morris,      56%

No. 4. Do you find from a preponderance of the evidence that Louis Kessell was guilty of negligence which was a proximate cause of any damages which he may have sustained?

Answer: Yes.

No. 5. Using 100% to represent the total fault or negligence, what percentage of fault or negligence do you find to be attributable to each of the following,

Willard Hodges,     75%

Louis Kessell,     25%

No. 6. Do you find a preponderance of the evidence that Louis Kessell assumed the risk of riding in the automobile driven by Randy Morris?

Answer: Yes.

No. 8. What do you find each of the following are entitled to recover for the following elements:

Answer:  Leroy Kessell

Medical expenses for minor, $990.00

Louis Kessell

Conscious Pain and

Suffering,                              $1,250.00

Disability and Loss of

Earning Capacity,         $5,000.00''

The trial court reduced the amount of Kessell's damages by 25% and entered judgment for Kessell against Hodges' estate in the amount of $5,430.00. On direct appeal, Hodges' estate designated the following points for reversal:

"The Trial Judge erred in refusing to apply the jury's finding that appellee Louis Kessell assumed the risk of riding with his host whose negligence exceeded fifty per cent and further erred in refusing to dismiss appellee Kessell's complaint.

"If the negligence of the host driver was not imputed to appellee Louis Kessell, thereby barring

appellees' recovery, then, in any event, the trial court erred in refusing to reduce appellees' recovery by 81 per cent, the total of the negligence assumed, and Louis Kessell's own contributory negligence.''

On cross-appeal, Kessell designated the following point:

''The trial court erred in submitting the question to the jury of whether Louis Kessell assumed the risk of his own injuries for the reason that there was no evidence from which the jury could determine that he had assumed the risk.''

We are unable to see where assumption of risk as an element separate and apart from contributory negligence enters into the picture in this case at all. The collision was caused by the combined negligence of appellant's intestate Hodges and appellee Kessell's host driver Morris, and the separate negligence of each constituted a proximate cause of the collision. Hodges contributed 44% and Morris contributed the remaining 56% of this negligence. As between the two drivers, Morris is barred from recovery by his own negligence and this is not questioned. Although Kessell assumed the risk of riding with Morris, and although he may have been negligent in doing so, he was not driving the Morris automobile, nor was he directing Morris in its operation at the time of the collision. Kessell did not sue Morris, but he did sue Hodges' estate for damages he sustained because of Hodges' negligence. The jury found that the combined negligence of Hodges and Kessell caused the damages sustained by Kessell and that Hodges contributed 75% and Kessell contributed 25% of this total negligence causing Kessell's injuries, and the court correctly found that as between Kessell and Hodges, Hodges was only liable for 75% of Kessell's damages.

Appellant argues, in effect, that by assuming the rick of riding in the automobile with Morris while on a

joint venture, the negligence of Morris in the operation of his automobile was imputed to Kessell to the exclusion of his cause of action against Hodges for damages as a proximate result of the negligence of Hodges. Appellant cites *J. Paul Smith Co.* v. *Tipton,* 237 Ark. 486, 374 S.W. 2d 176, and *Canady* v. *Allen,* 239 Ark. 742, 393 S.W. 2d 865, as authority for the proposition that Kessell's right to recovery was barred completely under our comparative negligence act. (Ark. Stat. Ann. § 27-1730.1, *et seq.*) We do not so construe the *Tipton* and *Allen* cases, and we do not so construe the act.

A careful reading of the decision in the *Tipton* case clearly distinguishes it from the case at bar and actually sustains the judgment of the trial court in the case at bar. In the Tipton case, young Tipton was a passenger in an automobile driven by Woolsey. Woolsey drove his automobile into the rear of a truck which negligently drove onto the highway. Tipton was killed in the collision and the Tiptons sued the truck company and driver *and also sued Woolsey.* The jury found that Woolsey contributed 20% of the negligence and that the truck driver contributed 80% of the negligence which caused the death of young Tipton, and that the negligence of Woolsey, as well as the negligence of the truck driver, was a proximate cause of the injuries and death. Contributory negligence did not go to the jury. The verdict for Tipton fixed the amount of damages and the trial court reduced the amount by 20% in the judgment against the truck company. It seems that the Tiptons waived their right to any judgment against Woolsey.

Appellants in the *Tipton* case argued that Tipton assumed the risk of the harm that might come to him through the negligent acts of Woolsey in the operation of the vehicle in which Tipton was riding. In affirming the judgment of the trial court, this court said:

> "To adopt the rule which appellants appear to espouse would lead to an illogical and unjust result. It would allow Woolsey (the negligent driver) to

recover, but it would deny recovery to the boys who had no control over the car.

"We are unable to understand how our comparative negligence statute in any way operates to modify or repeal the doctrine of assumption of the risk as it applies to the case under consideration and as it has been uniformly construed by the courts in this and other jurisdictions—that is, *a person does not assume the risk of the negligence of a third party and does not assume a risk of which he is not aware.* The rule, as applied to cases of this nature is very well stated in 61 C.J.S. *Motor Vehicles* §486, where appears this statement:

"*'A guest's assumption of risk, in case of a motor vehicle collision, applies only as between the guest and his host, and does not bar recovery from a third person for injuries to which the third person's negligence proximately contributed, unless the acts of the host, in which the guest acquiesces, operate as the the cause of the collision.'*

"There are many authorities and decisions in substantial agreement with the above statement. See: 4 Blashfield, *Cyclopedia of Automobile Law and Practice,* §2511; *Keowen* v. *Amite Sand & Gravel Co.,* (La. 1941) 4 So. 2d 79; and *Guile* v. *Greenberg,* 192 Minn. 548, 257 N.W. 649." (Emphasis supplied.)

In the *Allen* case, the motor had gone dead at night on Canady's car and he was working on it beside the highway. He directed Mitchum to park his car headed in the opposite direction on Mitchum's wrong side of the highway and in front of the Canady car so that the lights would shine on the front of the Canady automobile. Mrs. Allen drove into the rear of the Canady automobile. The jury divided the fault in the ratio of 90% to Mrs. Allen and 10% to Mitchum. Canady was the one who had directed and caused the Mitchum auto-

mobile to be placed on the wrong side of the highway with the lights burning, and, of course, the negligence on the part of Mitchum was imputed to Canady on the facts of that case, which clearly distinguishes it from the case at bar.

Had Kessell directed Morris in the commission of acts constituting Morris' 56% of the negligence causing the collision, then that negligence may have been imputed to Kessell even though he did not actually execute the negligent acts himself. But, there is no evidence in the record that Kessell did direct or assist Morris in the commission of Morris' negligent acts or conduct.

The record does not reveal the disposition made of appellant's alternative prayer for contribution and appellee has abandoned his cross-appeal in the light of the decision we reach. We conclude that the rule stated, supra, from our decision in *Smith Co.* v. *Tipton* should not be abandoned in this case and that the judgment of the trial court should be affirmed.

Affirmed.

GEORGE ROSE SMITH, BROWN and FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice. I concur in the affirmance of this case but for a reason entirely different from that stated in the majority opinion.

I do perceive that assumption of the risk in this case could constitute a defense entirely separate and apart from contributory negligence. I do not think that it is necessary to determine whether or not the parties were on a joint venture, and I seriously doubt that the evidence is sufficient to make an issue of this relationship between Morris and Kessell. A reading of *J. Paul Smith Co.* v. *Tipton*, 237 Ark. 486, 374 S.W. 2d 176, leads me to an entirely contrary construction than that given

in the majority opinion. I construe that case to make the negligence of the driver imputable to his passenger if the passenger assumes that risk. In that case we approved the reduction of the recovery of a passenger from a third-party driver by the percentage of his host driver's negligence. In other words, the passenger was held responsible for the hazard he assumed, *i.e.*, that portion of total fault constituting the proximate cause of his own damages attributable to his host. The real effect of the majority opinion would be to overrule the cited case without saying so. It seems to me that the rule is a sound and just one. We necessarily construed the comparative negligence statute in adopting the rule in the cited case and I would not overrule it. Certainly it could not be said that there was assumption of the risk of negligence of Hodges, an unknown third party, the hazards of which could not have been known or anticipated by Kessell.

This appeal is actually taken from a judgment in two cases. Louis Kessell, the passenger, through his father and next friend, sought recovery against the estate of Willard Hodges who was the driver of the vehicle which collided with that in which Kessell was a passenger. An answer and cross complaint were filed by the estate of Hodges. Separate suits were brought by Springdale Motor Company, Inc. and Randy Morris against the Willard Hodges estate. On motion of the administrator of the Hodges estate, three separate causes of action arising out of this collision were consolidated for trial. The jury made the following answers to interrogatories submitted by the court.

"INTERROGATORY NO. 1: Do you find from a preponderance of the evidence that the deceased, Willard Hodges, was guilty of negligence which was a proximate cause of the accident in question?

ANSWER: Yes.

INTERROGATORY NO. 2: Do you find from a preponderance of the evidence that Randy Morris was guilty of negligence which was a proximate cause of the accident in question?

ANSWER: Yes.

INTERROGATORY NO. 3: Using 100% to represent the total fault or negligence, what percentage of fault or negligence do you find to be attributable to each of the following?

ANSWER: Willard Hodges 44%

Randy Morris 56%

INTERROGATORY NO. 4: Do you find from a preponderance of the evidence that Louis Kessell was guilty of negligence which was a proximate cause of any damages which he may have sustained?

ANSWER: Yes.

INTERROGATORY NO. 5: Using 100% to represent the total fault or negligence, what percentage of fault or negligence do you find to be attributable to each of the following?

ANSWER: Willard Hodges 75%

Louis Kessell 25%

INTERROGATORY NO. 6: Do you find from a preponderance of the evidence that Louis Kessell assumed the risk of riding in the automobile driven by Randy Morris?"

The jury affirmatively answered that Kessell was guilty of negligence and also assumed the risk of Morris' negligence, but they found that the total fault or negligence

attributable to him amounted to 25% and that attributable to Hodges amounted to 75%.

It seems clear to me that the jury found that Kessell's total contribution to his damages by assumption of the risk and negligence amounted to only 25% and, thus, justified the court's action. This is a finding in the case between Hodges and Kessell that is inconsistent with the finding on the cross complaint of the administrator of the Hodges estate against Randy Morris, if Morris' negligence is, in effect, to be imputed to Kessell. Inconsistency of verdicts is not a ground for reversal. *Rudolph* v. *Mundy,* 226 Ark. 95, 288 S.W. 2d 602; *Milum* v. *Clark,* 225 Ark. 1040, 287 S.W. 2d 460; *Brown* v. *Parker,* 217 Ark. 700, 233 S.W. 2d 64; *Leech* v. *Missouri Pacific R. Co.,* 189 Ark. 161, 71 S.W. 2d 467.

I would affirm the judgments of the trial court on the inconsistent verdicts.

I am authorized to state that GEORGE ROSE SMITH and BROWN, JJ., join in this concurrence.