302 So.2d 450 (1974)
David DORTA, a Minor, by and through His Parent and Natural Guardian, Emile Dorta, and Emile Dorta, Individually, et al., Appellants,
v.
Kevin BLACKBURN, Jr., a Minor, by and through His Father and Next Friend, Kevin Blackburn, Sr., Individually, Appellees.
No. 73-1094.
District Court of Appeal of Florida, Third District.
September 17, 1974.
Rehearing Denied November 18, 1974.
*451 Helliwell, Melrose & DeWolf and Marsha L. Lyons, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Ira H. Leesfield, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and SMITH, SAMUEL, Associate Judge.
HAVERFIELD, Judge.
Defendant-appellants seek review of an adverse final judgment entered in favor of plaintiff-appellees in this negligence action.
Plaintiffs, Kevin Blackburn, Jr., a minor, and his father, Kevin Blackburn, Sr., as parent of the minor plaintiff and individually, filed an amended complaint against the defendants, David Dorta and his father, Emile Dorta, as natural guardian and individually, wherein they alleged that the minor defendant David Dorta negligently operated a dune buggy thereby causing the vehicle to overturn and injure the minor plaintiff, a passenger therein. The complaint also alleged negligent entrustment and failure to supervise on behalf of the minor defendant's father, Emile Dorta. In response thereto, defendant-appellants filed an answer wherein they raised the defenses of contributory negligence and assumption of the risk. Subsequently, the cause came on for trial by jury. At the close of plaintiff's case and again at the close of all the evidence, defendants moved for a directed verdict and as grounds therefor alleged that the evidence demonstrated that the minor plaintiff had assumed the risk of harm. Plaintiffs also moved for a directed verdict. Both parties' motions were denied. Thereafter, defense counsel requested that the trial judge instruct the jury on the doctrine of assumption of the risk. The judge refused on the ground that the defense of assumption of the risk had been merged into comparative negligence. The trial court instructed the jury that minor defendant was negligent as a matter of law and also gave the jurors instructions on the law of comparative negligence. The jury returned a verdict in favor of the minor plaintiff's father for $3,000 and for the minor plaintiff in the sum of $43,250 plus costs. Judgment was entered thereon and defendant-appellants appeal therefrom.
One of the points of defendant-appellants urges as error the refusal of the trial court to give defendants' requested jury instruction on assumption of the risk. We find this point well taken.
After a careful examination of Hoffman v. Jones, Fla. 1973, 280 So.2d 431, we have determined that the Supreme Court appears to have recognized the continued existence of the common law defense of assumption of the risk[1] notwithstanding its adoption of the doctrine of comparative negligence. Hoffman, supra, at 439.
In addition, we note that other jurisdictions which have adopted the doctrine of comparative negligence also still recognize the doctrine of assumption of the risk as a valid defense and a bar to a plaintiff's recovery. See, e.g. Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947); Hass v. Kessell, 245 Ark. 361, 432 S.W.2d 842 (1968).
Therefore, we find that the trial judge committed reversible error in refusing to instruct the jury on the defense of assumption of the risk. Accordingly, the judgment herein appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] Compare this court's holding in Issen v. Lincenberg, Fla.App. 1974, 293 So.2d 777 with regards to the doctrine of no contribution between joint tortfeasors after the adoption of comparative negligence.