PER CURIAM.
The appellant, as plaintiff, brought a personal injury action against several defendants, sounding in negligence. There were defenses raised of contributory negligence and assumption of the risk.
The jury was charged on the doctrine of assumption of risk and also on the doctrine of comparative negligence and, over the objection of the plaintiff, the jury was submitted a special interrogatory verdict which permitted it to apportion the negligence between the respective parties [plaintiff and defendants], notwithstanding the fact that they might find the plaintiff guilty of assumption of risk. The jury returned the special form of verdicts, found that the plaintiff had assumed the risk, and then proceeded to apportion the percentage of negligence between the plaintiff and the defendants and fixed an amount of damages suffered by the plaintiff.
At the time this case was tried, there was a conflict between the several districts as to whether or not the assumption of risk still applied. Dorta v. Blackburn, 302 So.2d 450 (Fla. 3d DCA 1974); Rea v. Leadership Housing, Inc., 312 So.2d 818 (Fla. 4th DCA 1975). The trial court followed Dorta v. Blackburn, supra, out of this court and entered a judgment in favor of the defendants, upon the finding by the jury that the plaintiff had assumed the risk. This appeal ensued.
Prior to the submission of this matter to the court on oral argument, the Supreme Court of Florida quashed this court’s opinion in Dorta v. Blackburn, supra, and held that the doctrine of assumption of risk was no longer a complete bar to recovery by a plaintiff but was, in fact, merged into the defense of comparative negligence. The appellant urges that in view of the fact that the jury has already apportioned negligence in this matter, the final judgment should be reversed and the matter returned to the trial court to apply the percentage factors found by the jury to the total award made, with some contention that the parties had agreed to this procedure in the trial court.
From an examination of the record on appeal as it relates to the charge conference and the special verdict forms, it is apparent that the special verdict form was requested by the appellees, Marquez, and their insurance carrier in order to apportion contribution between the defendants in the event they were found liable as joint tort feasors. The plaintiff strenuously objected to the submission of any special verdict interrogatories, and no where during this conference do we find that the parties stipulated that they were submitting the special interrogatory form verdict for the purpose of being able to conform the verdict in the event the Dorta v. Blackburn, supra, opinion was subsequently quashed by the Supreme Court of Florida and the doctrine of assumption of risk found to be no longer applicable in this State.[1]
Therefore, it appearing that the jury was erroneously instructed on the doctrine of assumption of risk, because we are required to apply the law as it exists at the time of the appellate decision and not as it may have existed at the time of the trial [Personnel Board of City of Miami Beach v. Majewski, 227 So.2d 498 (Fla. 3d DCA 1969); Fitzgerald v. Addison, 287 So.2d 151 (Fla. 2d DCA 1973)], the final judgment here under review be and the same is hereby reversed and the matter is returned to the trial court for a new trial.
Reversed and remanded, with directions.

. The trial court and all parties were aware that the case of Dorta v. Blackburn, supra, was pending in the Supreme Court of Florida during the pendency of this trial.