490 So.2d 69 (1985)
The CITY OF MIAMI, Appellant,
v.
Geneva HARRIS, As Personal Representative of the Estate of Dorothea a/k/a Dorothea Rolle, Deceased, Appellee.
Nos. 84-1679, 84-2525 and 85-1352.
District Court of Appeal of Florida, Third District.
December 17, 1985.
On Rehearing April 1, 1986.
On Second Motion for Rehearing June 3, 1986.
*70 Lucia A. Dougherty, City Atty., and Gisela Cardonne, Deputy City Atty., Simon, Schindler, Hurst & Sandberg and Thomas M. Pflaum, Miami, for appellant.
Feldman & Levy and Donald Feldman, Abramson & Magidson, Miami, for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
When police officers of the City of Miami, in high-speed pursuit of a vehicle being driven by a suspected burglar down a congested street, rammed the fleeing suspect's car, locked fenders with it, and forced it off the road into a bus bench on which Mrs. Doretha Rolle was sitting, Mrs. Rolle was killed. Geneva Harris, Mrs. Rolle's mother and personal representative, brought an action against the City on behalf of the estate and Mrs. Rolle's three minor children, alleging that the City's police officers were negligent and, in a separate count brought under the authority of Title 42 United States Code, Section 1983, that the City's unreasonable policy in regard to pursuit of law violators deprived Mrs. Rolle of her constitutionally guaranteed rights.[1] A jury returned a verdict for the plaintiffs, finding that the negligence of its officers (for which the City was responsible through the doctrine of respondeat superior) and the City's "inadequate policy in regard to police chases" both were the legal causes of Mrs. Rolle's death. The jury awarded the plaintiffs a total of $595,000 in damages, but was not asked to and did not allocate the damages to one or the other of the causes of action. The trial court entered judgment on the verdict and, after separate hearing, awarded the plaintiffs' attorneys $100,000 in fees under the authority of Title 42 United States Code, Section 1988, which, inter alia, authorizes the award of attorneys' fees to parties prevailing under Section 1983.[2] The City appeals.
We affirm the judgment entered on the jury's verdict. We reverse the judgment for attorneys' fees and remand that issue to the trial court for further proceedings and consideration.
The City contends that (1) the plaintiffs failed to sufficiently prove a custom or policy on the part of the City requisite to a finding of liability under Title 42 United States Code, Section 1983; (2) there was not a sufficient predicate to admit the testimony of the plaintiffs' expert on police procedures; (3) the award of attorneys' fees was improper in that (a) the verdict form does not reflect that the plaintiffs were awarded damages for a violation of Section 1983 rather than common law negligence, *71 and (b) it was not supported by substantial competent evidence; and (4) the trial court incorrectly instructed the jury.[3] In our view, only the first three of these contentions merit any discussion.
Both parties agree that essential to recovery in a Section 1983 action against a municipality is a showing that the alleged constitutional deprivation flowed from an official policy or custom of the municipality, and that the policy or custom was "the moving force of the constitutional violation."[4]Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611, 638 (1978). A finding of a policy or custom is necessary because it shows that the violation was "neither random nor unauthorized, but wholly predictable, authorized and within the power of the [City] to control." Haygood v. Younger, 769 F.2d 1350, 1357 (9th Cir.1985) (en banc). "Proof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability, ... unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, ___ U.S. ___, ___, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, 804 (1985).
In the present case, the evidence showed that the City of Miami had in effect at the time of Mrs. Rolle's death express rules and regulations that (a) mandated that its police officers, on pain of disciplinary action against them, pursue fleeing suspects until apprehension, and (b) failed to provide for the abandonment of the pursuit when in the judgment of the officer the continuation of the pursuit would involve a significant risk of injury or death for innocent members of the public or the officer.[5] The evidence also revealed that because of this policy, the high-speed chase in the present case continued notwithstanding that, given the speeds and distances involved, innocent people were placed in obvious jeopardy and an innocent person  Mrs. Rolle  was actually killed.
That a policy of reckless disregard for human life is sufficient to sustain a Section 1983 action is clear from Grandstaff v. City of Borger, Texas, 767 F.2d 161 (5th Cir.1985). There the jury found that the defendant-City was grossly negligent in the training of its officers and that, as a result of this negligence, its officers engaged in a shooting barrage which resulted in the death of an innocent victim. The court wrote that:
"[i]f there is a reckless disregard for human life and safety prevalent among the city's police officers which threatens the life and security of those whom they encounter, and if that recklessness is attributable to the instruction or example or acceptance of or by the city policymaker, the policy itself is a repudiation of constitutional rights. Where police officers know at the time they act that their use of deadly force in conscious disregard of the rights and safety of innocent third parties will meet with the approval of city policymakers, the affirmative link/moving force is satisfied."
767 F.2d at 170.
*72 Similarly, the City of Miami in the present case had a policy of pursuing fleeing suspects that failed to take into account the danger to innocent third parties. Moreover, the City's policy provided that an officer who failed to continue pursuit until apprehension would be disciplined. The police officers thus knew when they acted that their use of deadly force in the form of a speeding vehicle which threatened the rights and safety of innocent persons would meet with the approval of, and indeed was required by, the City policymakers. As such, municipal liability under Section 1983 was adequately shown. See also Jamieson v. Shaw, 772 F.2d 1205 (5th Cir.1985) (where police set up deadman roadblock to stop driver of car who sped up and would not stop for police, and who, though known to have mental problems, did not have outstanding arrest warrants, innocent passenger in chased car injured when car crashed into roadblock had standing to sue municipality based on allegation that the police had a practice of ignoring the Fourth Amendment proscription against unreasonable seizures). Accord Trezevant v. Tampa, 741 F.2d 336 (11th Cir.1984) (where plaintiff's wrongful incarceration resulted from procedures which failed to protect constitutional rights, municipal liability is warranted).
The City next argues that the trial court should not have allowed an expert on police procedures called as a witness by the plaintiffs to testify about a safe pursuit policy used by Metropolitan Dade County (a) because the greater size of Dade County's police force (with which the expert was not previously familiar) made its policies not probative of the appropriate City of Miami policy, and (b) because the expert had not listened to the tape of the chase, had not traveled the route of the chase during the same hours or under the same weather conditions, and had no information as to the condition of the police vehicles or the fleeing suspect's vehicle. The record reflects, however, that the expert testified that the difference in size between the two police forces would not in any way affect his opinion, and that he read the transcript of the chase and the testimony of the officers involved, and drove the route of the chase. In our view, any difference between the conditions and the expert's lack of detailed knowledge of the vehicles falls far short of establishing that the expert lacked a sufficient basis for his opinion that the duration and speed of the chase at night on well-populated streets was in reckless disregard of the safety of the public. Cf. Husky Industries, Inc. v. Black, 434 So.2d 988, 993 (Fla. 4th DCA 1983); § 90.705(2), Fla. Stat. (1983). The trial court did not abuse its discretion in ruling that the expert's testimony was admissible.
Lastly, we turn to the City's challenge to the attorneys' fee award. The City contends that the trial court erred by failing to require the jury to apportion the damages found between the negligence and the Section 1983 counts. The City argues that had the jury attributed all of the damages to the common law negligence count, no attorneys' fee award whatsoever would be permissible. We find, however, that the City failed to preserve this point for appeal when it acquiesced in the verdict form used and failed to request a special verdict form. See Whitman v. Castlewood International Corp., 383 So.2d 618 (Fla. 1980); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984). Even as a general verdict must be upheld where there is no error as to at least one of the issues upon which the verdict may have been founded, Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978), so too the attorneys' fees award here must be upheld where it is impossible to ascertain from the verdict form that the damages were not awarded on the count  Section 1983  that would support an attorneys' fee award. Cf. Barhoush v. Louis, 452 So.2d 1075 (Fla. 4th DCA), pet. for rev. dism., 458 So.2d 271 (Fla. 1984).
Although we have concluded that the verdict as returned will support an attorneys' fees award, we nonetheless must remand the cause for further proceedings respecting the award. Where a trial court awards attorneys' fees to a prevailing party under Section 1988, Hensley v. Eckerhart, *73 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), mandates that the court set forth certain specific findings concerning its fee determination. Because here the trial court did not make these required findings, we must remand the cause for such purpose, and if the trial court deems it necessary, for further proceedings to determine the appropriate fee. We are aware from the record before us that plaintiffs' attorneys did not make contemporaneous records reflecting their labors on the case. Despite the City's urging to the contrary, this omission is not fatal or even necessarily deterimental to their claim. As the Florida Supreme Court stated in Florida Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985), although "[i]nadequate documentation may result in a reduction in the number of hours claimed ...," reduction is not required. See Johnson v. University College of the University of Alabama, 706 F.2d 1205, 1207 (11th Cir.1983), cert. denied, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983) (in proceeding for attorneys' fees under Title 42 United States Code, Section 1988, "lack of contemporaneous records does not justify an automatic reduction in the hours claimed"). Accord Harkless v. Sweeny Independent School District, 608 F.2d 594 (5th Cir.1979). Of course, the burden to substantiate the fee award is on plaintiffs' attorneys. Johnson v. University College of the University of Alabama, 706 F.2d 1205. That burden is met when the fee award is supported by substantial competent evidence, Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) (on rehearing), which may include reconstructed, although not contemporaneous, records.[6]
The judgment in favor of the plaintiffs is affirmed. The judgment for attorneys' fees is reversed, and the cause is remanded for such further proceedings as are necessary and consistent with this opinion on the issue of attorneys' fees.
Affirmed in part; reversed in part, and remanded.

ON REHEARING
In the month following the release of our opinion in this case, and while the appellant's timely-filed motion for rehearing pended, the United States Supreme Court, overruling its prior contrary holding,[1a] decided that mere negligence by a state official can no longer be said to "deprive" an individual of life, liberty or property under the Fourteenth Amendment and thus support a claim for relief under Title 42, United States Code, Section 1983. See Daniels v. Williams, 474 U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Since it is apodictic that where there is a change of law between the trial of a case and the final disposition of the appeal, the appellate court must apply the law as it exists at the time of final disposition,[2a]see, e.g., Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967); Weissman v. State Farm Mutual Automobile Insurance Co., 349 So.2d 749 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1221 *74 (Fla. 1978), we must now examine the judgment against the City in light of Daniels.
The verdict for the plaintiffs below, following instructions that required the jury to consider whether the policy of the City in regard to police chases was adequate or inadequate, determined that the City's policy was "inadequate." The jury was not asked to consider, and the plaintiffs were not called upon to prove, whether in establishing this official policy the City acted more than negligently, that is, either with an intention to cause injury to or loss of life, liberty or property, or with a reckless disregard of whether such a policy would cause injury to or loss of life, liberty or property. At the time of trial, the plaintiffs could have sufficiently proved the City's liability under Section 1983 by merely showing that its official policy was a negligent one. At the present time, that quantum of proof is not sufficient.
As we noted in our initial opinion, the jury awarded the plaintiffs a total of $595,000 in damages, but was not asked to and did not allocate the damages to either the common-law negligence or the Section 1983 count of the complaint. So long as the Section 1983 action was affirmable (and until Daniels it was), the fact that the verdict was undifferentiated was of no consequence to the plaintiffs  the two-issue rule prevented the City from arguing that the verdict related to the common-law negligence count only.
Now, however, the verdict on the Section 1983 action cannot be sustained, and the plaintiffs are left with a $595,000 judgment relating to the common-law neglience count only. Because, again as we noted in our initial opinion, see p. 71 n. 3, the common-law negligence count will not support an award of attorneys' fees and the monetary limits of the City's liability set forth in the waiver of sovereign immunity statute clearly apply to the common-law negligence count, the elimination of the Section 1983 count, unlike the elimination of the common-law negligence count, will severely and adversely affect the plaintiffs.
We can, of course, affirm the judgment as to liability on the common-law negligence count, and we again do so. However, because the $595,000 amount clearly is a cumulative amount relating to both causes of action, we must remand for a new trial on damages only on the common-law negligence count.
We must reverse the judgment on the Section 1983 count and the consequent award of attorneys' fees. Consistent with the principle that where there has been a change in the law between trial and appeal which necessitates a reversal, the case should be remanded for a new trial under the new law, we remand for a new trial on both liability and damages on the Section 1983 count. As we noted in Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923, 929 (Fla. 3d DCA 1983), where a party's failure of proof (there the failure to elicit independent proof of the corporation's fault to sustain a punitive damage judgment against the corporation) is attributable to the party proving only that required by the law at the time of trial, the other side will not "receive a windfall merely because the law has changed between trial and appeal," but instead the adversely affected party will have an opportunity to supply the missing proof upon a retrial of the case.[3a] Similarly, the present plaintiffs tried the case, under Parratt, on the premise that a showing of the City's negligence in adopting its policy in regard to police chases was enough to prove a Section 1983 violation. They should be given the opportunity, under Daniels, to prove the "more than negligence" that Daniels requires.[4a]
*75 The City of Miami's motion for rehearing is granted. The judgment of liability in favor of the plaintiffs on the common-law negligence count is affirmed, and the case is remanded for a new trial on damages only on that count. The judgment in favor of the plaintiffs on the Section 1983 count is reversed, and the case is remanded for a new trial on liability and damages on that count. The judgment awarding the plaintiffs attorneys' fees is reversed.
Affirmed in part; reversed in part, and remanded.

ON SECOND MOTION FOR REHEARING
This second opinion on rehearing is in response to the motion of the plaintiffs-appellees. They complain that in the first rehearing (sought by the defendant-city) we changed from affirming to reversing the Section 1983 judgment for the plaintiffs in erroneous reliance on the subsequently decided Daniels v. Williams, 474 U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), which, they argue, applies to cases involving the liability of individuals only, not to cases, as here, involving the liability of municipalities based on municipal policy. Without now debating the merits of the plaintiffs' argument, we note that in the still more recently decided case of Pembaur v. Cincinnati, ___ U.S. ___, ___, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452, 465 (1986), a plurality of the Court held "that municipal liability under § 1983 attaches where  and only where  a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." There being no such proof adduced by the plaintiffs, the judgment in their favor must be reversed. However, because this failure of proof is attributable to the plaintiffs' having proved only that required by the law at the time of trial, they will have an opportunity to supply the missing proof upon a retrial of the case. With this clarification, we adhere to our opinion on rehearing filed in this cause on April 1, 1986.
NOTES
[1] State courts have concurrent jurisdiction to entertain causes of action brought under Title 42 United States Code, Section 1983. Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). That section provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... ."
[2] Title 42 United States Code, Section 1988, provides in pertinent part:

"In any action or proceeding to enforce a provision of section ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."
The attorneys' fee provision of Section 1988 applies to actions brought under Section 1983 in state courts. Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).
[3] This court must reach the question of the City's liability under Section 1983 regardless of the resolution of the common law negligence count because (a) attorneys' fees may be awarded under the Section 1983 count but not under the common law negligence count, and (b) the City implicitly concedes that the monetary limits of the City's liability set forth in the waiver of sovereign immunity statute, see § 768.28(5), Fla. Stat. (1983), clearly applicable to the common law negligence count, do not serve to reduce any recovery under the Section 1983 count.
[4] To establish individual  as distinguished from municipal  liability under Section 1983, a plaintiff need show only that the defendant (1) acted under color of state law, and (2) deprived the plaintiff of a constitutional right. This lawsuit and appeal do not involve any claim against an individual police officer.
[5] Because the existence of the City's policy relating to high-speed chases is proved by an express rule and regulation, we need not concern ourselves with the question whether evidence of an incident combined with subsequent non-action by the City would be sufficient to prove circumstantially the existence of the policy. See Oklahoma City v. Tuttle, ___ U.S. ___, 105 S.Ct. 2427, 85 L.Ed.2d 791.
[6] The City's reliance on Mercy Hospital v. Johnson, 431 So.2d 687 (Fla. 3d DCA), pet. for rev. denied, 441 So.2d 632 (Fla. 1983), to defeat the attorneys' fee award, is misplaced. In Mercy Hospital, there were no records at all to support the attorneys' claimed hours, and the number of hours claimed was found to be inherently incredible.
[1a] See Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).
[2a] Where the change in law would cause a general upheaval in pending litigation, the rule is otherwise. In the "general upheaval" cases, the new rule of law applies only to (1) cases in which it has been applied, (2) cases where trial has not yet begun, (3) cases on appeal where the applicability of the new rule has been preserved as a question for appellate review, (4) cases in which trial has begun or in which verdict or judgment has been entered but the applicability of the new rule was properly raised during some stage of the litigation, and (5) quite obviously, cases not yet commenced. See Linder v. Combustion Engineering, Inc., 342 So.2d 474 (Fla. 1977) (applying newly adopted doctrine of strict liability); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) (discussing application of new principles of comparative negligence). In our view, the Daniels decision will not cause a general upheaval in litigation.
[3a] The fact that a party, unlike the plaintiffs here, could have anticipated the coming change in the law does not necessarily prevent the rule from applying. See Weissman v. State Farm Mutual Automobile Insurance Co., 349 So.2d at 750, n. 1.
[4a] In Daniels, the plaintiff conceded that the state officer was at most negligent. Accordingly, the Supreme Court, as it expressly noted, did not decide "whether something less than intentional conduct, such as recklessness or `gross negligence' is enough to trigger the protections of the Due Process Clause." Daniels v. Williams, 474 U.S. at ___ n. 3, 106 S.Ct. at 667 n. 3, 88 L.Ed.2d at 670 n. 3. This question likely will have to be answered by the trial court upon retrial of this case.